## BUFORD v. CONNOR.

### No. 2018.

Court of Civil Appeals of Texas. Waco.

May 26, 1938.

Rehearing Denied June 16, 1938.

Guthrie & Guthrie and Pinkney Grissom, all of Dallas, for appellant.

Wm. Flippen, of Dallas, and Dan P. Johnston, of Fort Worth, for appellee.

ALEXANDER, Justice.

This suit was brought by Addie Cloud Buford against E. C. Connor to recover approximately $3,000 for services rendered by plaintiff to the defendant in the remodeling and managing of an apartment house belonging to the defendant, and damages for breach of contract to manage the same during the Texas Centennial celebration. The jury returned a verdict on special issues and judgment was entered for plaintiff for only $34.18. Plaintiff appealed.

The plaintiff sought to recover compensation for services rendered and damages covering three different periods or contracts. In this connection she alleged, in substance, (1) that she remodeled the apartment and managed same from August, 1934 to October 1, 1935, and that the reasonable value of such services, less $100 admittedly received by her, was the sum of $500; (2) that she managed the apartment from October 1, 1935 to April 1, 1936, upon a suggestion from the defendant that she would receive for such services the free use of an apartment for herself and ten per cent of the gross revenue received from the apartment, which gross revenue she alleged was approximately $800; and (3) that she and the defendant agreed that she should manage the apartment during the Texas Centennial celebration beginning April 1, 1936 and receive for such services the free use of an apartment of the value of $50 per month and one-half of all net profits, but that the defendant breached this latter contract and refused to allow her to perform same. The defendant admitted that plaintiff had performed the services alleged by her but alleged that on October 8, 1935, they had entered into an agreement by which he canceled an indebtedness owing by her to him growing out of certain stock brokerage transactions and in return she canceled her claim against him for services rendered in remodeling and managing the apartment from August, 1934 to October 1, 1935, and agreed to manage said apartment for the further period from October 1, 1935 to April 1, 1936 without further compensation except that during said period she was to receive the free use of an apartment. He alleged that she breached the contract to manage the apartment during the Texas Centennial.

The jury, in answer to special issues, found that the reasonable value of Mrs. Buford's services in remodeling and managing the apartment from August 1934 to October 1, 1935, less the $100 already received by her, was the sum of $600; that plaintiff and the defendant agreed that the plaintiff should continue the management of the apartment house in question from October 1, 1935 to April 1, 1936, and that the plaintiff should receive for such services ten per cent. of the gross receipts from the apartment and have the free use of an apartment for herself; that about October 8, 1935, said parties entered into an agreement, by which their respective claims against each other were settled, with the understanding that plaintiff should continue the management of the apartment house in question until April 1, 1936, without additional charge except the free use of an apartment. The jury further found that one-half of the net profits that would have been received from the use of the apartment during the Texas Centennial celebration from April 1, 1936 to December 1, 1936 would have been the sum of $120 and the value of the apartment would have been $50 per month, but that the plaintiff had breached her contract for the management of said apartment house during said period.

The appellant contends that there is an irreconcilable conflict between the findings of the jury in answer to special issue No. 2 and that given in answer to special issue No. 5. These issues and the answers of the jury thereto are as follows:

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that the plaintiff and defendant agreed that the plaintiff should continue the management of the property in question from October 1, 1935 to April 1, 1936, and that the plaintiff was to receive therefor ten per cent. of the gross receipts from such property during such period and have the free use of an apartment for such time? Answer: Yes."

"Special Issue No. 5:

"Do you find from a preponderance of the evidence that on or about October 8, 1935, plaintiff and defendant entered into an agreement whereby the respective claims of the parties against each other were settled with the understanding that in consideration therefor plaintiff should continue the management of the property in question until April 1, 1936, without additional charge excepting that plaintiff should have the free use of an apartment during such term? Answer: Yes."

■ We think appellant's contention must be sustained. Mrs. Buford alleged, in effect, though perhaps defectively, that about October 8, 1935, she agreed with the defendant that she would continue the management of the apartment until April 1, 1936, and would receive for such services ten per cent. of the gross revenue and the free use of an apartment. Her testimony tended to support her allegations in part, and the jury, in answer to special issue No. 2, sustained her contention. On the other hand, Connor alleged that on October 8, 1935, he entered into an agreement with Mrs. Buford, by which they canceled their respective claims against each other, with the understanding that she was to continue the management of the apartment until April 1, 1936 without any further compensation except the free use of an apartment for herself. His testimony supported his allegations, and the jury, in answer to special issue No. 5, sustained his contentions. Each of the parties appear to have been testifying concerning the same conversation, which occurred on October 8th and out of which grew the respective contentions of the parties. As it appears to us, the finding, in answer to special issue No. 5, that Mrs. Buford was to continue the management of the apartment until April 1, 1935 without further compensation except the free use of an apartment is in conflict with the finding, in answer to special issue No. 2, that she was to receive for such services the free use of an apartment and ten per cent. of the gross revenue during the period in question.

■ It is true that Mrs. Buford's evidence was hardly sufficient to support the jury's finding in answer to special issue No. 2, but since the issue was raised by the pleadings, the court was without authority to disregard this part of the verdict and enter judgment on the remainder thereof in the absence of a motion for judgment non obstante veredicto, as provided in R.S. art. 2211, as amended, Vernon's Ann.Civ. St. art. 2211; Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970.

■ The trial court recognized the conflict in the verdict and undertook to eliminate reversible error by requiring the defendant to consent to judgment for $34.18, that being the amount, as shown by the evidence, that Mrs. Buford would have earned under the alleged agreement for managing the apartment from October 1, 1935 to April 1, 1936. This, however, does not eliminate the error because the finding, in answer to special issue No. 2, is in conflict with the finding in answer to special issue No. 5, and the two agreements, as embodied in these issues, cannot co-exist. If we concede that the agreement as embodied in special issue No. 2 was made, then the agreement as embodied in special issue No. 5 was not made, and hence there was no accord and satisfaction or settlement of Mrs. Buford's claim for services rendered in managing the apartment prior to October 1, 1935.

On account of the errors above pointed out, the judgment of the trial court is reversed and the cause is remanded for a new trial.