## CONNOR v. BUFORD.
### No. 12892.

Court of Civil Appeals of Texas. Dallas.
June 22, 1940.

Rehearing Denied July 20, 1940.

W. S. Bramlett, of Dallas, for appellant.
Guthrie & Guthrie, of Dallas, for appellee.

YOUNG, Justice.

E. C. Connor, as defendant in the trial court, is here protesting a jury verdict and judgment against him of $1,234.48, plaintiff's cause of action being for debt or amounts due for services rendered in remodeling, furnishing and managing certain premises as an apartment house. The case is on second appeal, tried again upon the same pleadings; and a more detailed statement of the facts, nature of claims and defenses thereto is shown in Buford v. Connor, Tex.Civ.App., 118 S.W.2d 451. Reference is thereto made for brevity. The special issues submitted and the jury answers on re-trial, omitting ·unnecessary language, were: "(1) Do you find from a preponderance of the evidence that the plaintiff and defendant agreed that the plaintiff should continue the management of the property in question from Oct. 1, 1935 to April 1, 1936, and that the plaintiff was to receive therefor 10% of the gross receipts for such property during such period, in addition to the free use of an apartment for such time? Answer: Yes. (2) Do you find from a preponderance of the evidence that the plaintiff, on or about the 16th day of March, 1936, told the defendant to secure someone else to manage the apartment? Answer No. (3) What do you find from a preponderance of the evidence would have been one-half of the net profits, if any, in the operation of the apartment in question, under the plaintiff's management, from April 1, 1936 to Nov. 29, 1936? Answer: $400.00. (4) What do you find from a preponderance of the evidence was the reasonable value per month of an apartment, such as Mrs. Buford occupied in the property at 2304 McKinney

Ave. from May 9, 1936 up to Nov. 29, 1936? Answer $42.50. (5) Do you find from a preponderance of the evidence that on or about Oct. 8, 1935, plaintiff and defendant entered into an agreement, whereby the respective claims of the parties against each other were settled as of that date? Answer No. (6) What do you find from a preponderance of the evidence would reasonably compensate Mrs. Buford for her services in remodeling, furnishing and managing the property in question from August 1934 to Oct. 1, 1935 less the sum of $100.00 which it is admitted has already been paid to her? Answer: $500.00."

From these findings, the court determined that recovery should be in the above amount, after deducting $14.86 which, according to the decree, plaintiff admitted to have had on hand belonging to defendant. As thus rendered, the total judgment of $1,234.48 is composed of the following items: $70 under Issue No. 1, being 10% of the gross receipts from October 1, 1935, to April 1, 1936; $400 under Issue 3, being one-half of the net profits from operation of the property between April 1, 1936, and November 29, 1936; $283.34 under Issue 4, being value of the apartment plaintiff would have occupied in the property from May 9, 1936; and $500 under Issue 6, for services rendered from August, 1934, to October, 1935. Only a general demurrer was interposed to plaintiff's petition, followed by general denial and special answer, admitting that plaintiff had undertaken the work of repairing and converting the property in question into an apartment house, at an expense of around $3,500, paid by defendant, for which he had, at all times, expected to pay reasonable compensation; plaintiff then occupying the house as manager, to October, 1935, when a settlement was made; that about such time, plaintiff was indebted to him, in joint account losses on the stock market, for $1,001.55, and defendant canceled this debt in return for plaintiff's release of all claims for services to such date; the settlement contemplating that plaintiff would have free use of one apartment to April 1, 1936, but without other compensation. That in March, 1936, the parties agreed that plaintiff should continue the management after April 1, and receive one-half the net profits realized from the apartment, but, before the latter date, she requested a release from such agreement, whereupon defendant made other arrangements relative to the apartment's operation.

No objections were made to the court's charge or to the issues submitted, and in defendant's amended motion for new trial, the principal grounds of error were: (1) That plaintiff's testimony on net earnings of the property during the Centennial was erroneously admitted, no qualification on her part being shown, the statements objected to thereby becoming hearsay and mere conclusions; (2) jury answer to Issue 1, though raised by pleading, was not supported by any evidence of an agreement by defendant to pay 10% of gross receipts; (3) the amounts fixed by the jury, in answering Issues 3, 4 and 6, were manifestly too large, considering the evidence; were not sustained thereby; were excessive, arbitrary figures, resulting from passion and prejudice; that Issue 4 also involved an improper measure of damages. Jury misconduct was alleged, but not made the basis of any assignments.

Appellant's counsel did not participate in the trial of the cause, which may account for the inclusion in his brief of many propositions, supplemental to those just mentioned. Such additional points may be summarized, however, under four heads, viz.: (a) Plaintiff's judgment was not final, in that same did not dispose of an alternative plea for $1,000 (even though no evidence was introduced, nor issue requested thereon); (b) no item of recovery, as fixed by the jury and allowed by the court, was supported by appropriate pleading; (c) admission of improper evidence and voluntary statements made by plaintiff, highly prejudicial to defendant; (d) certain improper statements of plaintiff's counsel in the presence of the jury, and in final argument, justifying a reversal.

The condition of this record being as above detailed, and no statutory objections being taken to the court's charge, only propositions complaining of insufficiency of evidence to support the judgment can be considered; Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S.W. 1030; or of "error * * * apparent upon the face of the record"; Art. 1837, R.C. Appellant clearly recognizes the situation to be as just stated, by designating his assignments, on the whole, as fundamental points of law; and in investigating same, the Appellate Court is generally confined to the pleading, the jury verdict and the judgment; Clement v. First National Bank, 115 Tex. 342, 282 S.W. 558; not being required to search the statement of facts for funda-

594

mental error; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S.W. 533, 124 S.W. 85.

The judgment appealed from is a final one, and predicated on the ultimate issues raised by both pleading and evidence. Plaintiff's alternative plea was not on trial and was effectually disposed of by the award upon her principal cause of action; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161. Also, plaintiff's said petition, together with the admitted matters of defendant's answer, constituted sufficient pleading and ground for the jury issues and answers as comprehended in said final rendition of the court.

It is contended that the item of $283.84 is based upon an improper measure of damages, being the total recovery under Issue 4 of the reasonable value of an apartment in the property, such as plaintiff would have occupied during the 1936 Centennial period, at $42.50 per month. If Mrs. Buford was entitled to the use of such quarters for the interval referred to, and was deprived thereof, we see no reason why the reasonable value of the particular living space does not properly measure the extent of her damage in this respect. It became part consideration for her management over the period, additional to the agreement for division of net profits. No effort was made by pleading or proof to show that plaintiff did not expend at least that amount per month for another place of abode. "If the defendant wishes to contend that the plaintiff might have prevented or minimized the damage for which recovery is sought, he must set up the defense by special averments." 13 Tex.Jur., sec. 187, p. 335.

Further propositions deal with assertedly erroneous admission of testimony, alleged prejudicial remarks and argument of plaintiff's counsel, and of many letters written by defendant, not material to the jury issues. These matters do not come within the purview of fundamental error, tested by the instant facts; American Law Book Co. v. Carter, Tex.Civ.App., 275 S.W. 510; not being such error as lies at the base and foundation of plaintiff's proceedings and judgment. Houston Oil Co. v. Kimball, supra. Nevertheless, we have thoroughly considered all assignments and propositions, whether specifically discussed or not, and same are severally overruled. Appellant's complaint that Issue 6 was multifarious was waived, of course, by not being seasonably objected to; Art. 2185.

His one bill of exceptions in the transcript is that of improper argument on part of appellee's counsel, to which the trial court promptly sustained objection, instructing the jury to disregard the matter. Mrs. Buford's statement in supplemental petition, concerning her receipts and expenses for the last two months of her tenure is not altogether clear, in view of her other testimony. Appellant offered no proof entitling him to a larger credit than the balance of $14.86 shown by said statement, nor was any issue requested on the point. The court deducted this amount from plaintiff's total recovery, finding that it was admittedly on hand, belonging to the defendant. Under this record, we are not disposed to disturb such finding, objection thereto being first made on appeal. The judgment of the trial court must be affirmed.

Affirmed.