Willett WILSON, Appellant,

v.

T. H. SNIDER, Appellee.

No. 12769.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 29, 1954.

Rehearing Denied Jan. 26, 1955.

Willett Wilson, Houston, Stofer, Proctor, Houchins & Anderson, Victoria, for appellant.

Guittard & Henderson, Victoria, for appellee.

NORVELL, Justice.

This is a suit between landlord and tenant. On February 1, 1952, Willett Wilson rented approximately 100 acres of land in the Lake Placedo area of Calhoun County to T. H. Snider for the crop year of 1953. Included with the lands leased were two tracts known as the "shell road tract" (30 acres) and the "dirt road tract" (35 acres), which Snider planted to cotton. The agreed rental was one-fourth of the cotton lint and seed grown upon the rented premises, payable when ginned and sold. Wilson filed suit to collect the rents due him from Snider. Snider filed a cross-action in which he sought to recover damages because Wilson's cattle had entered upon the "shell road tract" and damaged his growing cotton crop.

Trial was to the court without a jury and judgment rendered in favor of Wilson for rent in the sum of $1,522.39. The trial court allowed Snider a credit or offset of $808, against this amount, however, as and for damages to Snider's cotton crop. Judgment for the difference between these two amounts, that is, $714.39, was rendered in favor of Wilson and against Snider. Wilson appealed to this Court and complains of the offset allowed.

Upon request the trial judge filed findings of fact and conclusions of law. The trial judge found that when the lease was entered into, it was known that Wilson owned certain cattle which were pastured next to the land rented to Snider for farming purposes; that it was agreed between the parties that Wilson would see to it that his cattle were kept in the pasture and off the land rented to Snider for farming purposes; that Wilson failed to keep his cattle in the pasture, but that during the growing season, except for a two-weeks' period, his cattle were continuously grazing upon the thirty-acre tract known as the "shell road tract." The trial judge further found that because of the damage done to the crops by Wilson's cattle, Snider actually raised and harvested ten bales of cotton less than he would have raised and harvested had it not been for such damage, and that the value of such bales, after deducting the cost of gathering and ginning the same and the rent due to Wilson, would have amounted to $80.80 per bale, or $808 for the ten bales.

By his first point, appellant asserts that the evidence is insufficient to show a contractual obligation on his part to keep his cattle off the lands leased by him to Snider. We think the evidence is sufficient to support the trial judge's finding. In certain instances Snider testified in response to leading questions, but no objection was made to the form of the questions. Snider stated that under the terms of the oral agreement entered into between Wilson and him, Wilson agreed to keep his cattle off the leased premises. He also testified as to a number of occasions when

he had protested about the cattle and that Wilson had promised to keep his cattle out of the cotton field. There is some testimony that Snider agreed to help in maintaining the fences, but according to Snider he did not assume the obligation of keeping up the fences nor relieve Wilson of the duty to do so. It was within the province of the trial judge, as the trier of facts in this case, to pass upon the credibility of the witnesses involved. He was entitled to believe Snider's version of the contract even though he was an interested party, and we cannot say that his finding as to terms of the agreement between the parties has insufficient support in the testimony. 3–B Tex.Jur. 457, Appeal and Error, § 941.

Appellant's second point is likewise overruled. It presents in another form the same contention raised by the first point, namely, that appellee had assumed the risk of appellant's cattle going upon the land leased for farming purposes and had contributed to the damages suffered by his crop in that he had failed to assist in repairing the fences. The trial judge found that under the agreement between the parties it was the duty of Wilson to keep his cattle out of the "shell road tract" and that he failed to do so. Such finding has support in the evidence.

■■ Although no matters in mitigation of damages were pleaded by the appellant, 13 Tex.Jur. 335, Damages, § 187, it appears that during the course of the trial Snider testified that in his opinion the fence on the "shell road tract" could have been repaired at the cost of about $100. This testimony is made the basis of appellant's third point, wherein he asserts that appellee's damages should be limited to $100. The trial judge, upon request for additional findings of fact, found that Snider could have minimized and lessened his damages to the crops on the thirty-acre "shell road tract" by repairing the fence through which the cattle were entering, at an expense of $100. However, in connection with this finding, the trial court pointed out the lack of pleading to support the contention. The record of the testimony discloses that Snider made numerous demands upon Wilson for repair of the fence, and that Wilson repeatedly promised that he would make the necessary repairs. Under the circumstances, appellee could not be expected to expend $100 on his own account, in order to repair the fence which Wilson had originally agreed to keep in repair and thereafter stated he would repair. Under such circumstances the outlay of $100 could hardly be considered moderate or nominal. Shellhammer v. Caruthers, Tex.Civ.App., 99 S.W.2d 1054. We are likewise of the opinion that it was necessary that mitigation of damages be pleaded by the appellant, Connor v. Buford, Tex. Civ.App., 142 S.W.2d 592, and that, as reflected by the trial court's explanation of the finding, this issue was not tried with implicit consent of the parties.

■ By his fourth point, appellant asserts that the offset judgment for $808 is not supported by the preponderance of competent evidence. Apparently, appellant seeks to raise the contention that the finding of the trial judge that appellee had been damaged in the sum of $808 is so against the overwhelming preponderance of the evidence as to be clearly wrong. King v. King, 150 Tex. 662, 244 S.W.2d 660. It is argued that Snider had not theretofore farmed in Calhoun County and therefore was incompetent to make an estimate of the number of bales that could be raised upon lands located within said county. The estimate of loss accepted by the trial court was based partially upon Snider's testimony. Although Snider had had no previous experience in Calhoun County, it appears that he had experience in cotton farming in other counties. The trial court also found that in the crop year of 1953, twenty-eight bales of cotton were gathered from the thirty-five-acre farm, known as the "dirt road tract" (which was not subjected to damage by cattle), and only nine bales of cotton were harvested from the "shell road tract." This difference in crop yield upon the two tracts tends to support the finding of a ten-bale loss due to damage by cattle. The trial court's finding on the issue was not against the overwhelming

preponderance of the evidence. 13 Tex. Jur. 44, Crops, §§ 38, 39, 40.

By means of a supplemental brief, styled "Amended and Reply Brief of Appellant," the appellant seeks to present five additional points which he designates as fifth to ninth, inclusive. This brief was filed four months after the transcript was filed and long after the filing of appellee's brief. Rules 414 and 418, Texas Rules of Civil Procedure. It does not appear that leave of this Court was obtained permitting an amendment of the original brief so as to set forth additional points of error. Such points are, however, largely repetitious of those asserted in the original brief and present no reversible error, for the reasons hereinabove set forth.

The judgment of the trial court is affirmed.