**PROFESSIONAL SERVICES, INC., Appellant,**

v.

**Larry AMAITIS, Appellee.**

No. 20102.

Court of Civil Appeals of Texas, Dallas.

Dec. 6, 1979.

Rehearing Denied Jan. 16, 1980.

Roger D. Bush, Edmund R. Wood, Chancellor & Wood, Dallas, for appellant.

William M. Hayner, John J. O'Boyle, Cooper, Hayner, Miller & Long, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

CARVER, Justice.

Professional Services, Inc. (P.S.I.) appeals from a judgment in favor of Amaitis assessing damages for breach by P.S.I. of an employment contract. The court awarded the amount of the unpaid salary for the term of employment without allowing P.S.I. credit for Amaitis' actual earnings during the same period. We reverse and remand because the correct measure of damages must include credit for actual earnings.

Amaitis was hired by P.S.I. for a two-year term at $30,000.00 a year plus benefits. Amaitis was discharged with about eight months left on his contract. He then filed suit for his unpaid salary. Trial was had after the expiration of the term of employment, and P.S.I. sought to show Amaitis' actual earnings during the period of time from discharge to the end of the term. The trial court sustained the objection to the evidence offered on this point on the ground that P.S.I. did not *plead* mitigation and was therefore not entitled to develop that defense or offset.

■ An employee who has been wrongfully discharged before the termination of his contract of employment must endeavor to mitigate or reduce his loss or damage by seeking other employment. *Cole v. City of Houston,* 442 S.W.2d 445, 451 (Tex.Civ.App. —Houston [14th Dist.] 1969, no writ). The correct measure of damages for a wrongfully discharged employee is the present cash value of the contract to the employee, if it had not been breached, less any amounts that he should, in the exercise of reasonable diligence, be able to earn through other employment. *Dixie Glass Co. v. Pollak,* 341 S.W.2d 530, 538 (Tex.Civ.App.—Houston 1960), *writ ref'd n.r.e.* per curiam, 162 Tex. 440, 347 S.W.2d 596 (1961). Appellee has called our attention to an opinion from California, *Erler v. Five Points Motors,* 249 Cal. App.2d 560, 57 Cal.Rptr. 516 (1967), which discusses the requirement that mitigation, with respect to employment contracts, be affirmatively raised in a defensive pleading. The California court held that what an employee has actually done to reduce his damages may be shown under a general denial, but those steps that an employee could have taken, with the exercise of reasonable diligence, to reduce his damages (i. e. "true mitigation of damages") cannot be shown unless it is affirmatively alleged. This result is consistent with Texas authorities which hold that the fact that a plaintiff, by the exercise of reasonable diligence, might have minimized his damage is a matter which must be pleaded by the defendant in confession and avoidance and that the evidence of this fact is inadmissible under a general denial. *Wilson v. Snider,* 274 S.W.2d 569, 571 (Tex.Civ.App.—San Antonio 1954, writ ref'd n.r.e.); *Maywald v. Perry,* 254 S.W.2d 431 (Tex.Civ.App.—Galveston 1953, writ ref'd n.r.e.); *Connor v. Buford,* 142 S.W.2d 592 (Tex.Civ.App.—Dallas 1940, writ dism'd judgmt. cor.). See also the opinion of Judge Benjamin Cardozo in *McClelland v. Climax,* 252 N.Y. 347, 169 N.E. 605 (1930). We hold that wages *actually* earned, as opposed to wages which, with diligence, *could* have been earned, is a matter of rebuttal bearing on the employee's actual loss of earnings, which is the employee's burden and may be contested by any evidence under the employer's general denial. *See Smith v. Hamilton,* 237 S.W.2d 774 (Tex.Civ.App.—Austin 1951, no writ); *Grimes v. Bowman,* 122 S.W.2d 361 (Tex. Civ.App.—Waco 1938, no writ).

■ It was the duty of the trial court to apply the correct measure of damages to the facts. The burden of proof on the correct measure of damages was Amaitis' burden under P.S.I.'s general denial. P.S.I. was entitled to examine Amaitis, or any other witness, as to Amaitis' actual earnings during the period from discharge to the end of the term. Because of the error of the trial court in excluding evidence of Amaitis' actual earnings, we reverse and remand for new trial. The remaining points of error relate to matters unlikely to recur in the new trial here directed and discussion of these points is omitted.

Reversed and Remanded.