GULF CONSOLIDATED INTERNA-
TIONAL, INC., Petitioner,

v.

John MURPHY, Respondent.

No. C–2080.

Supreme Court of Texas.

Oct. 19, 1983.

Childs, Fortenbach, Beck & Guyton, Jennifer S. Wilson, Houston, for petitioner.

David L. Capps, Houston, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

We grant the respondent's motion for rehearing. Our former opinion and judgment of July 13, 1983, are withdrawn and the following opinion is substituted.

This is a suit for breach of an employment contract brought by John Murphy against Gulf Consolidated International, Inc. The trial court rendered a take-nothing judgment for Murphy and granted Gulf a summary judgment for $5,000. The court of appeals reversed and remanded. We reverse the judgment of the court of appeals and remand the cause to that court.

Murphy's employment with Gulf was terminated with six months remaining of his two-year contract. Gulf asserted an affirmative defense of failure to mitigate damages, alleging that Murphy had an opportunity to return to work for his previous

employer, Mid-Continent Supply Company, after being discharged from Gulf. The trial court found that Gulf had breached the employment contract and owed Murphy $16,389.39 in back salary. It also found that Murphy could have returned to work for Mid-Continent and earned $18,500 during that time period. The court offset the $18,500 against the damages owed by Gulf, holding that Murphy should have mitigated his damages, which resulted in a zero recovery for Murphy. Additionally the trial court granted Gulf a summary judgment for $5,000 based on a note due from Murphy. Murphy did not appeal from the summary judgment on the note.

The court of appeals, in an unpublished opinion pursuant to Rule 452 of the Texas Rules of Civil Procedure, reversed and remanded for a new trial. It held that since Murphy did not have an actual job offer from his previous employer, Gulf did not meet its burden of proof on the affirmative defense of failure to mitigate damages. In reversing the entire case, the court of appeals thus reversed the summary judgment for Gulf on the $5,000 note, even though it was not assigned as error on appeal.

 The general rule as to mitigation of damages in breach of employment suits is that the discharged employee must use reasonable diligence to mitigate damages by seeking other employment. *Professional Services, Inc. v. Amaitis,* 592 S.W.2d 396 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.). The correct measure of damages for wrongful discharge of an employee is the present cash value of the contract if it had not been breached, less any amounts that the employee should in the exercise of reasonable diligence be able to earn through other employment. *Greater Fort Worth & Tarrant County Action Agency v. Mims,* 627 S.W.2d 149 (Tex.1982). Gulf was not required to prove that Murphy obtained an actual job offer in order to sustain its burden of proof on mitigation.

Furthermore, the court of appeals erred in reversing and remanding the case in its entirety. The summary judgment granted Gulf was not appealed from by Murphy. The court of appeals is not authorized to reverse a trial court's judgment in the absence of a properly assigned error. *Texas Power and Light Co. v. Cole,* 313 S.W.2d 524, 529 (Tex.1958).

The holding of the court of appeals is in conflict with *Greater Fort Worth and Tarrant County Action Agency v. Mims, supra,* and *Texas Power and Light Co. v. Cole, supra.* We therefore reverse the judgment of the court of appeals without hearing oral argument and remand the question of mitigation of damages to that court for consideration of the evidence consistent with this opinion. Tex.R.Civ.P. 483.