**John MURPHY, Appellant,**

v.

**GULF CONSOLIDATED INTERNATIONAL, INC., Appellee.**

No. A14–82–163CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 1984.

David L. Capps, Houston, for appellant.

Jennifer S. Wilson, Childs, Fortenbach, Beck & Guyton, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

J. CURTISS BROWN, Chief Justice.

John Murphy (Murphy or appellant) sued Gulf Consolidated International, Inc., (Gulf or appellee) for breach of an employment contract. Among the affirmative defenses asserted, Gulf contended that Murphy failed to mitigate damages by returning to work for a previous employer. The trial court found Murphy could have returned to work, and earned $18,500.00. It applied this amount in offset against the $16,389.39 which Gulf owed Murphy for breach of the contract. It further granted Gulf a summary judgment for $5,000.00 on a note obtained through Gulf's credit union.

We originally reversed and remanded for a new trial. In *Gulf Consolidated International, Inc. v. Murphy*, 658 S.W.2d 565 (Tex.1983), the Supreme Court held that by reversing the judgment in its entirety, we improperly reversed the summary judgment on the $5,000.00 note, which was not assigned as error on appeal. Following the mandate of the Supreme Court, we affirm that part of the trial court's judgment giving Gulf recovery on the $5,000.00 note.

The Supreme Court remanded the issue of mitigation of damages to us for consideration of factual sufficiency of the evidence consistent with its opinion, and the opinions in *Professional Services, Inc. v. Amaitis*, 592 S.W.2d 396 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Greater Fort Worth & Tarrant County Action Agency v. Mims*, 627 S.W.2d 149 (Tex. 1982), and *Texas Power and Light Co. v. Cole*, 313 S.W.2d 524 (Tex.1958). An employee claiming breach of contract must use reasonable diligence to mitigate damages. Any amounts an employee could have earned through reasonable diligence are offset against the damages caused by the breach.

Applying these standards to the record as a whole, it is clear that the evidence supports some amount in mitigation to be offset against Murphy's recovery of contractual damages. But upon review of the record, we find it factually insufficient to sustain the conclusion that Murphy should have earned $18,500.00 by way of mitigation. Accordingly, we remand this issue to the trial court.

Because of our disposition of this issue, we sustain appellant's sixth point of error which challenges the *factual sufficiency* of the evidence supporting the trial court's findings on mitigation of damages. The judgment of the trial court is reversed and remanded for a new trial on the issue of the proper amount of mitigation of damages to be deducted from the $16,389.39 Gulf owed Murphy. That portion of the trial court's judgment granting Gulf recovery on the $5,000.00 note is affirmed.

Affirmed in part; reversed and remanded in part.