**Billy Gene HINSON, Jr., Appellant,**

v.

**Paula J. THOMPSON, Appellee.**

No. 09–03–077 CV.

Court of Appeals of Texas, Beaumont.

Submitted July 23, 2003.

Decided July 31, 2003.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

See also *In re Thompson*, 991 S.W.2d 527 (1999).

Thomas J. Sibley, Thomas J. Sibley, P.C., Beaumont, for appellant.

H.P. Wright, Marcus Pitre, Wright & Pitre, Port Neches, Thomas A. Peterson, Peterson, Petit & Peterson, Beaumont, and Otto D. Hewitt III, Hewitt Law Firm, Alvin, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Billy Gene Hinson, Jr. appeals from two summary judgments granted to Paula J. Thompson, Mark L. Thompson, and Barry L. Thompson in their individual and representative capacities. We first must determine whether we have jurisdiction over this appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).

The Thompsons sued LaVerne Debratagne, independent executrix of the estate of Billy Gene Hinson, Sr., deceased, and Hinson Jr. for fraud and conspiracy, alleging Hinson Sr. transferred property to Hinson Jr. to prevent the Thompsons from collecting on a judgment.[1] Hinson Jr. counterclaimed against the Thompsons.

The Thompsons filed both a traditional summary judgment motion and a "no evidence" motion against only Hinson Jr. In the traditional motion, the Thompsons contended Hinson Jr. had judicially admitted Hinson Sr. transferred the property to avoid the Thompsons' judgment. In the "no evidence" motion, the Thompsons maintained there was no evidence to support Hinson Jr.'s affirmative defense that Hinson Sr. had made a gift of the property to Hinson Jr.

After sustaining the Thompsons' objections to Hinson Jr.'s summary judgment evidence and striking it from the record, the trial court granted summary judgment

---

1. After Hinson Sr. pleaded "nolo contendere" to the involuntary manslaughter of Eva Thompson, Thompson's heirs filed a wrongful death suit against Hinson Sr. and obtained a final judgment. *See In re Thompson*, 991 S.W.2d 527, 532 (Tex.App.-Beaumont 1999, orig. proceeding).

on both motions. The summary judgment did not contain a Mother Hubbard clause or any language indicating it was a final judgment.

 We have jurisdiction to entertain appeals from final orders and from certain interlocutory orders. Under section 51.014 of the Texas Civil Practices and Remedies Code, we may hear interlocutory appeals only in certain specified instances, none of which apply here. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2003). The summary judgment is not final; neither does it dispose of the Thompsons' claims against the independent executrix of Hinson Sr.'s estate or Hinson Jr.'s counterclaim nor does it contain finality language as required by *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001)(An order or judgment is not final for purposes of appeal unless the order disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.)

We hold the summary judgment entered by the trial court is an interlocutory judgment from which no appeal may be had absent disposition of the remaining issues or an order of severance. Accordingly, we dismiss the appeal for want of jurisdiction.

APPEAL DISMISSED.