In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-491 CV


____________________



THERESA HEARN-HAYNES, ON BEHALF OF TRUST FUND FOR


DOMINIQUE HAYNES, Appellant



V.



WALDEN ON LAKE CONROE COMMUNITY IMPROVEMENT


ASSOCIATION, INC., Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 01-10-06733-CV






MEMORANDUM OPINION (1)


 Theresa Hearn-Haynes, on behalf of Trust Fund for Dominique Haynes, appeals a
summary judgment for the plaintiff, Walden on Lake Conroe Community Improvement
Association, Inc. Because the trial court's summary judgment order did not dispose of all
of the parties and issues, there is no final judgment in this case. Therefore, we dismiss this
appeal for want of jurisdiction. 

 Walden on Lake Conroe Community Improvement Association, Inc., ("Walden")
filed a suit to collect unpaid annual assessments and for foreclosure of a condominium unit
owned by Trust Fund for Dominique Haynes ("the Trust"). Walden served Theresa
Hearn-Haynes ("Hearn-Haynes") in her capacity as trustee of the Trust. Hearn-Haynes
filed a plea in abatement, in which she challenged alternate service obtained upon her in
her representative capacity, and a combined motion to quash service, general denial
(presumably for the Trust), and counterclaim (apparently in her individual capacity) for
deceptive trade practices, intentional infliction of emotional distress, and violation of
constitutional rights. Walden answered Hearn-Haynes's counterclaim with a general denial
and a verified denial of Hearn-Haynes's capacity to sue. See  Tex. R. Civ. P. 93. Walden
filed a motion for summary judgment on its claims against the Trust. The trial court
granted summary judgment for $2,532.00 in unpaid assessments and $520.02 pre-judgment
interest, entered judgment for foreclosure of the lien on the condominium unit, and
awarded attorney fees for trial and appeal. The trial court also denied Hearn-Haynes's
special pleas and motion to quash service. Although titled "Final Order for Summary
Judgment," the summary judgment did not mention the counterclaim. 

 We have jurisdiction to entertain appeals from final orders and from certain
interlocutory orders. Hinson v. Thompson, 112 S.W.3d 766, 768 (Tex. App.--Beaumont
2003, no pet.). The summary judgment entered in this case is not final because it neither
disposes of Hearn-Haynes's claims against Walden nor does it contain the finality language 
required by Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). The traditional
"Mother Hubbard" clause contained in the summary judgment is not language of
unmistakable finality sufficient to render final an otherwise partial summary judgment. (2) 
Id. at 204. 

 We hold the summary judgment entered by the trial court is an interlocutory
judgment from which no appeal may be had absent disposition of the remaining issues or
an order of severance. We decline to abate the appeal pursuant to Tex. R. App. P. 44.4
because, regardless of their potential merit or lack thereof, the outstanding claims involve
more than perfunctory issues which can be procedurally cured by the trial court entering
a clarifying or similar order. See Garcia v. Commissioners Court of Cameron County, 101
S.W.3d 778, 786 (Tex. App.--Corpus Christi 2003, no pet.). Accordingly, we dismiss the
appeal for want of jurisdiction.

 APPEAL DISMISSED.


 PER CURIAM



Submitted on May 20, 2004

Opinion Delivered June 17, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. The summary judgment recites that "All relief not granted is hereby expressly
DENIED."