In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-534 CV


____________________



BILLY GENE HINSON, JR., Appellant



V.



PAULA J. THOMPSON, ET AL, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Court No. A-159,809






MEMORANDUM OPINION


 Appellees sued appellant, Billy Gene Hinson, Jr., ("Hinson") and Billy Gene
Hinson, Sr., alleging they conspired to defraud appellees by "transferring, concealing, and
alienating property of Defendant, Billy Gene Hinson, Sr., from lawful execution in fraud
of Plaintiffs in their capacity as Judgment Creditors." (1) Appellees filed two motions for
summary judgment. See Tex. R. Civ. P. 166A(i), 166A(c). After Hinson filed his
response to the motions for summary judgment, appellees filed objections to Hinson's
summary judgment evidence. The trial court sustained appellees' objections, struck
Hinson's evidence, and granted the summary judgment motions. Hinson filed a
counterclaim for conspiracy and malpractice. Appellees filed a no-evidence motion for
summary judgment as to Hinson's counterclaim, and they then filed a motion for entry of
final judgment. The trial court entered a final judgment.

 In his three-page pro se "plaintiff's brief," Hinson cites no case law, statutes, or any
other authorities. The brief contains no record references. Though he attaches an
"affidavit" (2) from his mother, he does not say this document was properly filed in response
to the motion for summary judgment, nor does he say whether the trial court considered
it. Appellees state Hinson's evidence was stricken, and they also say the document was
not attached as summary judgment evidence. The burden is on Hinson to present, and to
cite, a sufficient record to show error justifying reversal. See Tex. R. App. P. 38.1(h);
Shelton v. Sargent, 144 S.W.3d 113, 119 (Tex. App.--Fort Worth 2004, pet. denied). 
Without an assignment of error, citation to the record, and argument, we cannot determine
whether error which would require reversal occurred in the summary judgment procedure. 
 Hinson contends "[the trial judge] made an error in dating the Final Judgment by
dating it September 24, 2004, when the correct date should have been October 15, 2004." 
Hinson fails to explain his allegation that the date is incorrect, and he does not explain how
he was harmed by the alleged error. Issue one is overruled. 

 Hinson asks how he could have assisted Billy Hinson, Sr. in avoiding a judgment
if no judgment existed when the property was transferred. He does not cite to the record. 
See Tex. R. App. P. 38.1. A transfer before an anticipated judgment could have been
made to avoid the effect of the judgment. Appellees cite evidence in the record supporting
the trial court's judgment in this case, specifically a pleading by Hinson in a suit between
Hinson and his father, in which he asserted that his father admitted deliberately avoiding
paying the judgment by transferring essentially all of his assets to Hinson or his father's
mother "defrauding his judgment creditors." In this appeal, Hinson apparently does not
dispute that transfers after the 1985 judgment were fraudulent. The timing of the transfers
does not necessarily defeat the fraudulent transfer claim. Issue two is overruled. 

 Hinson argues "[t]he defendants have no jurisdiction to collect on this judgment. .
. ." It is the trial court, not appellees, that must have jurisdiction. Appellees note the
district court is a court of general jurisdiction. Hinson cites no authority establishing the
trial court lacked jurisdiction. He asserts the underlying judgment his father sought to
avoid was not "acted upon within four years." In their original petition, appellees stated
the judgment against Hinson, Sr., was signed on October 10, 1985, and "remains
unsatisfied and is a live, viable judgment at this time." Appellees attached to their petition
a copy of an execution with officer's return, dated October 30, 1992. Hinson cites no
authorities supporting his contention that appellees were required to execute upon the
judgment within four years. See Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a)
(Vernon 1997)(judgment is dormant if writ of execution is not issued within ten years after
rendition of judgment). Issue three is overruled. 

 In his fourth issue, Hinson seeks punitive damages against Smith Barney. Smith
Barney is not a party to this proceeding. Hinson also asks this Court to overturn the
temporary restraining order dated October 1, 1998, and order Smith Barney to release his
savings account. Apparently a subsequent temporary injunction was issued on October 28,
1998, but it is not in the appellate record. In any event, a judgment granting final relief
has now been entered. The final judgment divested Hinson of all rights in the account. 
The restraining order complaint is moot. Issue four is overruled. 

 Appellant does not raise on appeal any issue complaining of the summary judgment
procedure or the trial court's ruling striking his evidence. An appellate court is limited to
consideration of the errors asserted by the parties. See Gulf Consol. Int'l, Inc. v. Murphy,
658 S.W.2d 565, 566 (Tex. 1983) ("The court of appeals is not authorized to reverse a
trial court's judgment in the absence of a properly assigned error."). Appellant presents
no issue and cites no authority to this Court that requires reversal of the trial court's
judgment. Therefore, the judgment of the trial court is affirmed.

 AFFIRMED. 

 

 DAVID GAULTNEY

 Justice


Submitted on June 9, 2005

Opinion Delivered July 28, 2005 


Before McKeithen, C.J., Gaultney and Horton, JJ. 


1. Our prior decisions in this case are In re Thompson, 991 S.W.2d 527 (Tex. App.
--Beaumont 1999, orig. proceeding), and Hinson v. Thompson, 112 S.W.3d 766 (Tex.
App.--Beaumont 2003, no pet.).
2. The "affidavit" does not say her statements are based on personal knowledge and
are true and correct.