**Affirmed and Memorandum Opinion filed May 26, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00796-CV

---

### SARAH GARNELO, Appellant

### V.

### URBAN SOUTHWEST TOWNSHIP APARTMENTS GP, LLC D/B/A TOWNSHIP APARTMENTS, Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2018-43220**

---

## M E M O R A N D U M   O P I N I O N

Appellant Sarah Garnelo sued the owner of her apartment complex, Urban Southwest Township Apartments GP d/b/a Township Apartments, after she tripped and fell in a hole next to a sidewalk leading to her apartment. Township moved for summary judgment on Garnelo's premises liability claim, presenting evidence that Garnelo was aware of the danger prior to the incident and arguing that Township accordingly did not owe Garnelo a duty to warn. The trial court granted

Township's motion. Because we agree that Township owed Garnelo no duty, we affirm the trial court's judgment.

## Background

Garnelo leased an apartment on premises owned and operated by Township. During her lease term, a sinkhole developed next to a sidewalk in front of Garnelo's apartment. Garnelo reported the sinkhole to Township. Township attempted to fill the sinkhole with sand, but the sand washed away in heavy rains. The sinkhole grew and eventually eroded the ground on both sides of the sidewalk in front of Garnelo's apartment. The sidewalk itself remained intact.

One day, Garnelo exited her apartment. She was walking backward because she was maneuvering a stroller, which had several boxes stacked atop it, and she believed that walking backward gave her more control over the stroller. She stepped off the sidewalk into the sinkhole, fell, and sustained injuries.

Garnelo sued Township, asserting claims for premises liability and negligent hiring, supervision, training, or retention.

Township moved for traditional summary judgment. Township argued that it owed no duty to warn Garnelo of the sinkhole because it was open and obvious and because Garnelo knew about the hole and had seen it every day for several months before the accident. Garnelo responded, asserting that the "necessary use" exception negated Township's "no duty" argument.

The trial court granted Township's motion for summary judgment, dismissed all of Garnelo's claims, and rendered a final take-nothing judgment. Garnelo filed a motion for new trial, which the trial court denied. Garnelo now appeals.

2

## Issues

Garnelo contends the trial court erred in granting summary judgment because: (1) Township undertook a contractual obligation to repair the sinkhole and made partial but ineffective repairs; (2) Garnelo's knowledge of the sinkhole did not absolve Township's responsibility; (3) Township did not disprove Garnelo's "necessary use" of the premises as a matter of law; and (4) the entire record supported the imposition of a duty owed by Township to Garnelo. Garnelo also argues in a fifth issue that the trial court erred in not granting her motion for new trial.

## Standard of Review

We review a grant of summary judgment de novo. *See KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). In a traditional summary judgment motion, if the movant's motion and evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). In reviewing the trial court's grant of Township's motion, we consider all the evidence in the light most favorable to Garnelo, crediting evidence favorable to her if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

**Analysis**

**A.     Township's Traditional Summary Judgment Motion**

We begin by addressing the nature of Garnelo's premises claim, before considering her argument that the summary judgment is error.

1. *Nature of Garnelo's claim*

Garnelo generally alleged that Township owed a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those encountered by Garnelo and that Township owed a duty to exercise reasonable care to avoid a foreseeable risk of injury to others. Garnelo alleged more specifically that Township was "guilty of negligent conduct" in "[f]ailing to maintain sidewalk in a reasonably safe manner," "[f]ailing to give adequate and understandable warnings to [Garnelo] of the unsafe conduction of the area," and "[f]ailing to give warnings to [Garnelo] of the unsafe condition."

Township did not specially except to Garnelo's petition, and so we liberally construe it. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Under a liberal construction of her live pleading, Garnelo asserted a premises liability theory. Garnelo asserted a nonfeasance theory of negligence based upon Township's alleged failure to take measures to make the property safe or to warn Garnelo, rather than a malfeasance theory based on affirmative, contemporaneous conduct by Township. *See, e.g.*, *Harris Cty. Flood Control Dist. v. Halstead*, ---S.W.3d.---, 2022 WL 678277, at *3 (Tex. App.—Houston [14th Dist.] Mar. 8, 2022, no pet.) ("If a person is injured as a result of a condition of the premises, rather than by any ongoing conduct occurring at the time of injury, that person's recovery is limited to a premise defect cause of action.") (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)). Therefore,

4

Garnelo's negligence claim is based on a premises liability theory. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

Garnelo also asserted an additional omnibus claim of negligent hiring, supervision, training, or retention. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.) (negligent hiring, training, supervision, and retention claims are all simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability). The trial court's judgment clearly dismissed this claim even though Township's motion for summary judgment did not address it. Because Garnelo does not argue on appeal that the trial court erred in rendering judgment on this claim, we leave the court's ruling in this regard undisturbed. *See Yiamouyiannis v. Thompson*, 764 S.W.2d 338, 342 (Tex. App.—San Antonio 1988, writ denied) (explaining that when the trial court erroneously dismissed all causes of action, although the motion for summary judgment did not address them all but appellant failed to assign error on appeal, the court of appeals would not disturb the rulings) (citing *Prudential Ins. Co. v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex. 1986); *Gulf Consol. Int'l, Inc. v. Murphy*, 658 S.W.2d 565, 566 (Tex. 1983)). Thus, the sole pleaded claim at issue is one for premises liability.[1]

2. *No duty and the reasonable use exception*

Township moved for summary judgment on one ground: that it owed Garnelo no duty because the alleged unreasonably dangerous condition on the property was obvious and Garnelo had known about it for several months. In her second, third, and fourth issues, Garnelo challenges the trial court's summary judgment ruling on her premises liability claim.

---

[1] Garnelo attempts to assert an additional theory of negligent undertaking in her appellant's brief. In the next section, we explain why Garnelo cannot rely on this theory.

In *Austin v. Kroger Texas, L.P.* the Supreme Court of Texas clarified several issues regarding a landowner's negligence duty to an invitee under a premises liability theory of negligence. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201-08 (Tex. 2015).[2] In the context of premises liability, a landowner owes an invitee a negligence duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not. *See id.* at 203. Ordinarily, the landowner need not do both; the landowner can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains. *Id.* This general rule comports with the rationale for imposing a duty on landowners in the first place. *Id.* The landowner typically is in a better position than the invitee to know of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against the hazards, to the extent the landowner knows or should know of them. *Id.*

When the condition is open and obvious or known to the invitee, however, the landowner is in no better position to discover it. *Id.* When an invitee is aware of an unreasonably dangerous condition on the premises, the condition, in most cases, no longer will pose an unreasonable risk because the law presumes that the invitee will take reasonable measures to protect against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises. *See id.* This rationale explains why the Supreme Court of Texas

---

[2] Garnelo contends she was an invitee on Township's property, and we accept her characterization. *See McDonald v. City of the Colony*, No. 02-08-00263-CV, 2009 WL 1815648, at *8 (Tex. App.—Fort Worth June 25, 2009, no pet.) (mem. op.) ("[I]n a premises liability lawsuit involving a landlord-tenant relationship, if the tenant demonstrates that the landlord had possession or control of the premises in question, then the landlord owed a duty to the tenant as an invitee."). Although *Austin* involved an invitee who was an employee of the landowner, the supreme court concluded that an employer has the same premises liability duty to its invitee employees as other landowners have to non-employee invitees on their premises. *See Austin*, 465 S.W.3d at 201-02 & n.8.

typically has characterized the landowner's negligence duty to an invitee as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee. *See id.*

This general rule aligns with the supreme court's recognition that a landowner's duty to invitees is not absolute. *Id.* A landowner "'is not an insurer of a visitor's safety.'" *Id.* (quoting *Del Lago Partners*, 307 S.W.3d at 769). Instead, a landowner owes a duty to exercise ordinary, reasonable care. *See id.* Thus, a defendant has no duty to take safety measures beyond those that an ordinary, reasonable landowner would take. *Id.* at 204. What a reasonable landowner would do is often a jury question, but sometimes it is not. *Id.* The supreme court has recognized that, in most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and because there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee. *Id.*

In its summary judgment motion, Township asserted that it owed no duty to Garnelo because she knew about the sinkhole adjacent to the sidewalk before the occurrence. Township attached excerpts from Garnelo's deposition, during which she admitted that she had been aware of the sinkhole for "seven [or] eight months" before she fell. She informed Township of the sinkhole as soon as she first saw it, and she walked by it every day thereafter. In her summary judgment response, Garnelo did not dispute that she knew about the sinkhole.

We conclude that the summary judgment evidence proves as a matter of law that the alleged unreasonably dangerous condition on the premises was known to Garnelo before the occurrence made the basis of this suit. *See Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008).

But our analysis does not end there. There are two exceptions to the general rule that an invitee's awareness of the risk relieves the landowner of its negligence duty to make the premises reasonably safe or warn of the hazard. *See Austin*, 465 S.W.3d at 204, 208. Garnelo invokes only one of them. Under the "necessary use" exception, a duty may arise when the invitee necessarily must use the unreasonably dangerous premises, and despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk. *Id.* This exception applies when (1) it was necessary for the invitee to use the portion of the premises containing the allegedly unreasonably dangerous condition and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them. *See id.* at 207; *Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 849 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

The seminal "necessary use" case is *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978). The plaintiff in *Parker* fell while descending improperly lit stairs that she had to use to exit her sister's apartment. *Id.* at 513. The plaintiff was aware of the darkness and the risk it presented. *Id.* at 514. She took steps to mitigate the risk by having her sister hold a flashlight to illuminate the stairs and by taking careful steps while holding on to the handrail. *Id.* Nevertheless, despite the plaintiff's caution, because the stairs included narrow, unevenly distributed steps and turned such that the flashlight could not illuminate all the way down, the measures were insufficient and the plaintiff fell. *Id.* Accordingly, *Parker* stands for the proposition that, when an invitee necessarily must use the unreasonably dangerous premises and cannot take precautions that will adequately reduce the risk, the no-duty rule does not apply even though the invitee is aware of and

appreciates the dangers. *See Austin*, 465 S.W.3d at 206-08 (discussing *Parker*, 565 S.W.2d at 520).

Garnelo asserts that today's case falls within the necessary use exception. The summary judgment evidence includes photographs of the sidewalk and adjacent sinkhole. We presume for the sake of argument that Garnelo necessarily had to use the sidewalk, which abutted the allegedly unreasonably dangerous condition, for ingress and egress to her apartment. But Garnelo was not injured on the intact sidewalk. Rather, she was injured when she stepped into the sinkhole while attempting to walk backward over the sidewalk, meaning she could not see the precise location of the nearby sinkhole of which she was objectively aware. Walking backward over the sidewalk, and turning a blind eye to the sinkhole, was not necessary. *See id.* at 206-08 (necessary use exception applies when, *inter alia*, invitee cannot take precautions that will adequately reduce the risk) (discussing *Parker*, 565 S.W.2d at 520). Nor was it necessary for Garnelo to step over the hole in order to enter or leave her apartment unit.

We conclude that the summary judgment evidence establishes as a matter of law that it was unnecessary for Garnelo to step in or over the hole, or to walk backward over or through the portion of the premises containing the allegedly unreasonably dangerous condition, instead of facing forward so that she could walk on the intact sidewalk rather than the adjacent lawn containing the sinkhole. *See Zappa v. IKEA Holdings US, Inc.*, No. 14-17-00936-CV, 2018 WL 4702382, at *4 (Tex. App.—Houston [14th Dist.] Oct. 2, 2018, no pet.) (mem. op.) (exception did not apply when evidence conclusively proved that it was not necessary for plaintiff to pass through parking barriers, between which plaintiff's leg became trapped, in order to reach her car); *Phillips v. Abraham*, 517 S.W.3d 355, 361-62 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (concluding necessary use

9

exception did not apply when evidence established plaintiff knew of allegedly unreasonably dangerous condition on portion of driveway and it was not necessary for him to walk over or through the portion of the driveway containing the condition). Accordingly, the necessary use exception does not apply. *See Austin*, 465 S.W.3d at 207.

For these reasons, the trial court did not err in granting summary judgment on the ground that Township had no duty to make safe or warn Garnelo of the sinkhole because Garnelo knew about the condition for several months before the accident. *See id.* at 203-12; *Brookshire Grocery*, 262 S.W.3d at 795. We overrule Garnelo's second, third, and fourth issues.

## B.    Untimely-Raised Theory of Negligent Undertaking

Garnelo raises an additional argument on appeal that she did not assert in the trial court. In her first issue, she contends that Township is liable under a negligent undertaking theory, because it voluntarily assumed a duty to repair the sinkhole free from negligence—i.e., fill the sinkhole with sand. Because Township assumed such a duty, she argues, summary judgment on no-duty grounds was improper. *See Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) ("The critical inquiry concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist.").

Garnelo did not plead a negligent undertaking theory prior to summary judgment. As stated above, Garnelo's allegations of negligence were premised on a failure to act, rather than affirmative negligent conduct, such as negligent undertaking. Further, Garnelo's summary judgment response argued only that the necessary use exception precluded Township's assertion that it owed her no duty.

10

In her reply brief, Garnelo argues that she, in fact, did plead and argue her negligent undertaking claim in the trial court. She identifies the following allegations as raising negligent undertaking:

- "As a result of Defendants' failure to warn, inspect, and/or negligence of Defendants' employees, Plaintiff sustained serious bodily injury."

- "Defendants, and any of Defendants' agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in: A. Failing to maintain sidewalk in a reasonably safe manner."

- "Plaintiff would show the court that the above described acts and omissions of negligent conduct constituted the proximate cause of the injuries and damages as detailed below."

None of these allegations, even construed liberally, raise a theory of malfeasance (negligent undertaking), rather than nonfeasance (premises liability). Garnelo relies on *Stirrup v. Anschutz Texas, LP*, No. 05-17-00613-CV, 2018 WL 3616880, at *6-7 (Tex. App.—Dallas July 30, 2018, no pet.) (mem. op.), where the court held that the plaintiff raised a negligent undertaking or "negligent activity" theory though she did not describe her claims as such in her petition. But there, the plaintiff, in addition to alleging a premises defect, also specifically alleged that the defendant's employee had affirmatively committed a contemporaneous act of negligence that resulted in injury to the plaintiff. *Id.* In contrast, Garnelo's live pleading did not allege any contemporaneous conduct or negligent undertaking.

Further, her summary judgment response did not present the issue to the trial court as a basis for denying summary judgment, nor did she file a further amended petition. In comparison, the plaintiff in *Stirrup* substantively argued that the defendant's employee's negligence contributed to her injuries. *See id.* at *7 ("She complains that the usher undertook to help her but did so negligently, and her injury occurred simultaneously with the usher's activity."). Here, Garnelo asserted

11

in the "Introduction and Background" of her summary judgment response that Township "negligently repaired the sinkhole . . . by filling the hole with sandbags, however, after a heavy rain the sand would wash away." Yet she never went on to argue that this alleged negligence precluded summary judgment in Township's favor. Rather, the entirety of her response focused on why "[i]n this instant case the evidence supports this court to find a necessary use exception," ultimately concluding:

> Plaintiff presents evidence of a necessary use exception to the open and obvious defense of a premises liability claim. Plaintiff establishes that she was required to cross the dangerous condition in order to access the apartment she leased from Defendant, Defendant was aware of the risk and should have anticipated the harm suffered by Plaintiff would occur despite the open and obvious nature of the unreasonably dangerous condition.

Because Garnelo did not raise a negligent undertaking theory in the trial court, she may not rely on that theory as a basis to reverse the summary judgment. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); Tex. R. App. P. 33.1(a); *see also Madeksho v. Abraham, Watkins, Nichols & Friend*, 57 S.W.3d 448, 453 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("We do not consider on appeal grounds not raised in the trial court in opposition to a summary judgment motion.") (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979)). We overrule Garnelo's first issue.

## C. Garnelo's Motion for New Trial

In her fifth issue, Garnelo argues that the trial court erred in denying her motion for new trial. However, she does not identify any specific basis for her contention, other than arguing that, "because the Court had no discretion to

12

determine whether Township owed Plaintiff a duty, or to properly apply the law to the facts before it, the trial court also erred in in failing to grant Garnelo's Motion for New Trial." This assertion, bare of record citation or legal authority, presents nothing for our review. *See Walls v. Harris County*, No. 14-14-00260-CV, 2015 WL 3896606, at *3 (Tex. App.—Houston [14th Dist.] June 23, 2015, no pet.) (mem. op.); *Cronen v. Ray*, No. 14-05-00788-CV, 2006 WL 2547989, at *5 (Tex. App.—Houston [14th Dist.] Sept. 5, 2006, pet. denied) (mem. op.).

Accordingly, we overrule Garnelo's fifth issue.

## Conclusion

We affirm the trial court's judgment.


/s/ Kevin Jewell
Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.