GREATER FORT WORTH AND TARRANT COUNTY COMMUNITY ACTION AGENCY, Petitioners,

v.

George MIMS, Respondent.

No. C–651.

Supreme Court of Texas.

Jan. 27, 1982.

Simon & Simon, Harold D. Hammett (on appeal only), Fort Worth, for petitioners.

Salvant & Fleming, Donald J. Fleming, Fort Worth, for respondent.

WALLACE, Justice.

This is an appeal from a judgment awarding lost wages for wrongful termination. The Court of Civil Appeals affirmed the award at 618 S.W.2d 942. We reverse the judgments of the trial court and the Court of Civil Appeals and remand this cause for new trial.

The issues to be determined are (1) standing to question the makeup of the Board of Directors; (2) ratification of an unauthorized act by the Board of Directors; and (3) admissibility of evidence of wages actually earned.

George Mims (Mims) was Executive Director of Greater Fort Worth and Tarrant County Community Action Agency (CAA). The Board of Directors of CAA called a special meeting on November 14, 1977, at which time Mims was terminated as Executive Director. Mims refused to vacate the premises and as a result CAA filed suit on November 17, 1977, to enjoin Mims from going onto its premises or interfering with the day to day activity of the agency. Mims filed a general denial and counterclaimed for lost wages because of his allegedly wrongful termination. A temporary injunction was granted on November 28, and trial was held on February 6, 1978. The trial court found that the action of the Board of Directors in terminating Mims' employment was invalid because the Board was not constituted in accordance with the corporation's by-laws. The trial court appointed a receiver to reconstitute the Board of Directors. This order was appealed by CAA, but affirmed by the Court of Civil Appeals at 574 S.W.2d 870. In November, 1980, the Board was reconstituted and voted to retain Mims as Executive Director. Thereafter, the trial court called a conference with the attorneys of record for November 20, 1980. At that conference, the court announced that a final judgment would be entered awarding Mims his full salary from November 14, 1977, the date of the termination, to the date of judgment and declaring that Mims was still Executive Director of CAA. At the conference, CAA protested and requested that the court consider evidence of wages actually earned by Mims. The court refused the request.

## STANDING TO SUE

CAA contends that Mims, who was neither a stockholder nor member of the Board of Directors, had no standing to complain about procedural irregularities in the Board's management of the agency, including the vote to terminate his employment. Mims contends that CAA waived lack of standing by not presenting the issue to the trial court. We agree.

A point not raised by pleadings, on motion for new trial, or otherwise presented to the trial court may not be raised on appeal. Rule 324, Tex.R.Civ.Pro. This issue was not raised by the pleadings; it was not mentioned in CAA's motion for new trial or its amended motion for new trial, and there is nothing in the record to indicate that it was ever brought to the attention of the trial court; therefore the point was waived by CAA.

## RATIFICATION

 CAA contends that the Board of Directors' action in terminating Mims on November 14, 1977, was ratified by subsequent action of the Board which culminated in the posting of a supersedeas bond in the prior appeal on March 3, 1978. CAA sued to enjoin Mims and Mims raised the defense of lack of authority of CAA's Board of Directors to fire him because it was illegally constituted. The makeup of the Board was not materially changed for approximately three years. The trial court's finding that the Board was illegally constituted was affirmed by the Court of Civil Appeals in the prior suit and is not before us. The Board was illegally constituted so it had no authority to terminate Mims. Until the Board was properly constituted, it could not ratify its earlier unauthorized acts. 2 Fletcher Encyclopedia Corporations § 761.

Further, CAA's reliance on the theory of ratification is misplaced. Ratification is an equitable defense and may not be used to create a cause of action. *Vector Corp. v. First State Bank & Trust Co. of Port Lavaca*, 430 S.W.2d 536 (Tex.Civ.App.—Waco, 1968, writ ref'd n.r.e.). Thus, CAA could not rely on an equitable defensive theory to shore up its fatally defective cause of action.

## ADMISSIBILITY OF EARNED INCOME

At the trial on February 6 and 7, 1978, Mims proved his monthly salary of $2,088. per month. At the conference held on November 20, 1980, the court refused to reopen the proceedings to consider the evidence of actual wages earned, giving as a reason therefor the failure of CAA to affirmatively plead mitigation of damages. The court did allow CAA to make a bill of exceptions to set out the request and refusal. We are dealing with a time span of almost three years from the date of the initial proceeding appointing the receiver and the conference held on November 20, 1980. In light of the informality of this conference, the length of time which had passed since the initial proceeding and the admissibility of the evidence, we find it was an abuse of discretion by the trial court not to consider the evidence of actual wages earned by Mims during the last three years in computing the damages.

■ The general rule as to the correct measure of damages for wrongful discharge of an employee is the present cash value of the contract to the employee " . . . if it had not been breached, less any amounts that he should in the exercise of reasonable diligence be able to earn through other employment." *Dixie Glass v. Pollak*, 341 S.W.2d 530, 538 (Tex.Civ.App.—Houston), *writ ref'd n.r.e. per curiam*, 162 Tex. 440, 347 S.W.2d 596 (1961).

■ It is the burden of one seeking damages to prove them. The trial court heard no evidence concerning damages incurred by Mims from February 7, 1978, to November 11, 1980, and refused CAA's request to introduce evidence of income actually earned by Mims during that time. Mims was required to prove his actual damages and any income actually earned during the period in question was properly admissible as rebuttal evidence. Since this was evidence in the nature of rebuttal, no pleadings were necessary to support it. *Professional Services, Inc. v. Amaitis*, 592 S.W.2d 396 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

Evidence supporting mitigation of damages in cases such as this is not admissible as an independent ground which would defeat the cause of action, rather it is admissible to rebut the measure of damages arising from the cause of action. Such evidence is admissible under a general denial. *Moulton*

**152**

*v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967), *W. L. Moody & Co. v. Rowland*, 100 Tex. 363, 99 S.W. 1112 (1907).

Mims contends that evidence in mitigation of damages is also inadmissible because CAA did not file a general denial. The posture of the case precludes the necessity of a general denial by CAA. CAA filed a suit for a temporary injunction and Mims filed a general denial and counterclaimed for his salary from the time he was enjoined from coming about the premises of CAA until this matter was settled. If the plaintiff contesting the counterclaim does not intend to urge any defensive theory which must be verified or any affirmative defense under Rule 94, he is not required to answer the defendant's counterclaim. *Pure Milk & Ice Cream Co. v. Tomlinson*, 529 S.W.2d 115, 117 (Tex.Civ.App.—Austin, 1975, writ dism'd).

We have considered all other points presented to us and overrule them.

The judgments of the trial court and the Court of Civil Appeals are reversed and the case is remanded to the trial court for a retrial of the issue of damages incurred by Mims subsequent to February 7, 1978, in conformance with this opinion.