In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-594 CV


____________________



IN RE PROVIDIAN NATIONAL BANK






Original Proceeding






MEMORANDUM OPINION


 This is a mandamus proceeding. The trial court entered a default judgment awarding
actual and punitive damages to the defendant on a counterclaim.

 Providian National Bank sued George Ebarb to recover on an unpaid credit card debt. (1)
Ebarb filed a counterclaim against Providian alleging harassment. Ebarb then obtained a
"judgment on counter-claim," which recites as the basis for relief that Providian had failed
to make an appearance and answer in its behalf and had defaulted. The trial court awarded
Ebarb $10,000 in actual damages and $38,000 in punitive damages. The default judgment
also reads: "Costs of court are adjudged against Counter-Defendant, Providian National
Bank, for which let execution issue if not timely paid." 

 The record before us does not contain an order by the trial court severing the default
judgment on Ebarb's harassment counterclaim from the underlying suit by Providian. The
default judgment does not dispose of all claims and all parties, is not a final judgment, and
is not yet appealable. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 

 Nevertheless, the record reflects Ebarb's effort to collect on the default judgment in
the State of New Hampshire. Execution cannot issue on a judgment that is not final. Edlund
v. Bounds, 842 S.W.2d 719, 732 (Tex. App.--Dallas 1992, writ denied). Providian's motion
for new trial was denied by the trial court. Providian filed this mandamus petition to compel
the trial court to vacate the "judgment on counter-claim."

 Providian says the trial court erred in entering the default judgment. Providian relies
on Texas Rule of Civil Procedure 81, and the case of Greater Fort Worth & Tarrant County
Community Action Agency v. Mims, 627 S.W.2d 149 (Tex. 1982). In Mims, the Texas
Supreme Court held that a plaintiff contesting a counterclaim, who does not intend to urge
any defensive theory which must be verified or any affirmative defense under Texas Rule of
Civil Procedure 94, is not required to answer the defendant's counterclaim. Id. at 152. See
also Trotter v. City of Wichita Falls, 623 S.W.2d 160, 162 (Tex. App.--Fort Worth 1981, no
writ). In his brief, Ebarb says "The filing of a response to a counter claim is not mandatory
when the counter claim arises out of the same transaction or occurrence alleged in the
Petition," but he contends that his harassment counterclaim is distinct and separate from
Providian's lawsuit.

 The counterclaim is based on Providian's attempt to collect the indebtedness. Ebarb's
harassment claim is grounded on the allegation that Providian has never produced any
evidence showing Ebarb requested credit from Providian, or depicting Ebarb's signature on
any document which would raise the issue of Ebarb's liability for the debt. Although couched
in the posture of harassment, Ebarb's counterclaim has at its crux the issue of his liability for
the credit card debt, which is also at the crux of Providian's suit. As the counterclaim arises
out of the same transaction or occurrence at the heart of Providian's suit, Providian was not
required to file an answer to the counterclaim. The trial court clearly erred in granting a
default judgment against Providian. 

 Mandamus is an extraordinary remedy available only when there is an abuse of
discretion and no adequate legal remedy by appeal. See Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992). The erroneous default judgment is creating unnecessary litigation involving
both Texas and New Hampshire, when a single trial disposing of Providian's claim against
both George and Kerri Ebarb, and also disposing of George Ebarb's counterclaim, could end
both disputes at one time. Generally, an appellate remedy is not inadequate merely because
it involves delay and more expense than obtaining an extraordinary writ. Id. at 842; see also
CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996). But here, collection efforts are
proceeding on the erroneous judgment. The judgment punishes the pursuit of the plaintiff's
underlying claim. The judgment on which collection is proceeding essentially determines
the merits of the plaintiff's claim, yet an appeal is not available because the judgment has not
been severed from plaintiff's underlying claim, does not dispose of all parties, and is not final
for purposes of appeal. 

 The trial court abused its discretion in entering judgment on the counterclaim. Under
the circumstances, the legal remedy is inadequate. We conditionally grant the petition for
writ of mandamus and direct the trial court to vacate its March 14, 2003, default judgment
on the counterclaim. We are confident that the trial court will promptly comply with this
opinion. The writ will issue only if the trial court does not do so. 

 WRIT CONDITIONALLY GRANTED.

 _________________________________

 DAVID B. GAULTNEY

 Justice



Submitted on January 8, 2004

Opinion Delivered February 26, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION


 I respectfully dissent. I do not believe mandamus should lie in this instance. 
Unquestionably the default judgment on the counter-claim is not a final judgment since
there was no severance of the underlying suit and therefore it is not yet appealable. That
does not, however, mean there is not an adequate remedy by appeal. Although the
majority does not use the term "exceptional circumstances," that has to be their rationale
for allowing mandamus. See In re Masonite Corp, 997 S.W.2d 194, 197 (Tex. 1999). 
Unfortunately the majority has been loose with the "exceptional circumstances" exception
to mandamus lately. See In re Shell Oil Co., No. 09-03-325 CV, 2003 WL 23189491, at
*1 (Tex. App.--Beaumont, Jan. 22, 2004, no pet. h.)(orig. proceeding)(Burgess, J.
dissenting). I will not duplicate here my discussion of "exceptional circumstances" in the
context of mandamus versus appeal. See id. 2003 WL 23189491, at *3. 

 Again, the majority does not use the term, but the "exceptional circumstances" must
be the collection efforts attempted by Ebarb in New Hampshire. Providian has the ability
to contest the execution of the judgment in New Hampshire since New Hampshire has
enacted the Uniform Enforcement of Foreign Judgments Act; (2) hence no "exceptional
circumstances" exist. Since I believe the majority should have denied the mandamus, I
make no comment on the merits, whether the default judgment was proper.

 I would deny the mandamus.

 _________________________________

 DON BURGESS

 Justice

Dissent Delivered

February 26, 2004

1. Providian's petition also includes as a codefendant Kerri Ebarb. It appears from
the instruments filed with this mandamus action that George and Kerri were divorced at
some point. Kerri is not a party to the counterclaim filed by George.
2. See e.g. N.H. Rev. Stat. Ann. § 524-A:2 (2003). Filing and Status of Foreign
Judgments.