COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-402-CV

LYDIA M. M
C
LANE APPELLANT

V.

FRED L. M
C
LANE APPELLEE

------------

FROM THE 393RD
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1) 

ON REHEARING

------------

After reviewing Appellant Lydia M. McLane’s motion for rehearing, we deny the motion.  We withdraw our December 7, 2006 opinion and substitute the following in its place.

I. Introduction

Appellant Lydia M. McLane, representing herself pro se, appeals the trial court’s judgment in her divorce from Appellee Fred L. McLane.  Because we hold each of Lydia’s three issues to be without merit, we affirm the final divorce decree.    

II. Factual Background

In June 2005, the trial court ordered Lydia and Fred to mediate their divorce case.  The case was mediated in July.  At the mediation, Lydia and Fred and their respective attorneys signed a mediated settlement agreement (MSA) that was subsequently filed with the trial court.  

In August 2005, Fred’s attorney filed a motion for rendition of judgment on the MSA and for entry of judgment.  On October 10, 2005, the trial court signed a final decree of divorce.  The MSA was incorporated into the final divorce decree.

On October 31, 2005, Lydia’s attorney filed a motion for new trial.  This motion was overruled by operation of law on December 26, 2005.
  
See 
Tex.
 
R. Civ. P.
 329b(c) (a motion for new trial not ruled upon within seventy-five days after the judgment is signed is overruled by operation of law).  Lydia’s attorney filed a motion to withdraw on November 2, 2005, which the trial court granted on November 18, 2005.
(footnote: 2)  Lydia then filed an untimely first amended motion for new trial on December 30, 2005.  
See 
Tex
. R. Civ. P
 329b(b). 

III. Discussion

A. Final Divorce Decree and the MSA

In her first issue, Lydia contends that the final divorce decree did not comply with the terms of the MSA and thus the judgment is invalid.  Lydia bases this argument on the assertions that (1) Fred failed to execute a special warranty deed on or before the date the trial court signed the divorce decree and (2) the decree failed to properly identify a loan number for a promissory note.  The MSA states, “If any real estate is being awarded to one party, then the other party agrees to execute and tender a special warranty deed on or before the date the Court signs the decree, 
but only after
 the deed of trust to secure assumption has been tendered.”  [Emphasis supplied.]

For Lydia to preserve this issue for appellate review, the record must show she made her complaint to the trial court by a timely request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1).  Neither of these two assertions were raised at the trial court in any pleading or motion.  A point not raised through pleadings, by a motion for new trial, or otherwise brought before the trial court may not be raised on appeal.  
Greater Fort Worth & Tarrant County Cmty. Action Agency v. Mims
, 627 S.W.2d 149, 151 (Tex. 1982);
 Chubb Lloyds Ins. Co. of Tex. v. Kizer
, 943 S.W.2d 946, 953 (Tex. App.—Fort Worth 1997, writ denied), 
abrogated on other grounds by
 
Tex. Farmers Ins. Co. v. Murphy
, 996 S.W.2d 873, 878 (Tex. 1999).  Therefore this complaint was not preserved for appeal. 

Furthermore, had Lydia properly raised this issue below, there is no evidence in the record that Fred had failed to deliver a special warranty deed 
after 
the deed of trust to secure assumption was delivered to him.  In fact the decree indicates that at the time the judge signed the decree Lydia had yet to tender the deed of trust to secure assumption as required by the MSA.

The assertion regarding inclusion of the loan number for the promissory note is likewise without merit for the same reasons.  It was not raised by the pleadings, it was not mentioned in Lydia's motion for new trial or her untimely amended motion for new trial, and there is nothing in the record to indicate that it was ever brought to the attention of the trial court; therefore, that complaint was also not preserved by Lydia
.  
See Mims
, 627 S.W.2d at 151;
 Kizer
, 943 S.W.2d at 953. 

We overrule Lydia’s first issue.  

B. Fraudulent Inducement and the MSA

Lydia next asserts that she was fraudulently induced into signing the MSA by her own attorney.  Lydia claims that she was under the impression that what she was signing was an agreement for a second mediation session.  Lydia does not allege that Fred, his attorney, the mediator, or the trial judge engaged in any fraudulent conduct.
(footnote: 3)  Nor does she cite any applicable authority for the assertion that the misconduct of one’s own attorney constitutes grounds for a new trial in a civil case.  
 
 

Moreover, even if this alleged fraud would warrant a new trial, Lydia failed to timely raise the issue in the trial court.  Lydia first raised the issue of her attorney’s alleged fraud in her amended motion for a new trial.  An amended motion for new trial must be filed no later than thirty days after the judgment complained of is signed.  
Tex. R. Civ. P.
 329b(b).  The final divorce decree was signed October 10, 2005.  Lydia had thirty days from that date to file her amended motion for a new trial, but did not do so until December 30, 2005.
  Lydia never obtained leave of court to file this motion, nor did the trial court ever rule on the motion.  Because the trial court did not consider Lydia’s untimely amended  motion for a new trial, it was ineffectual for any purpose and did not preserve this issue for appellate review. 
 See Moritz v. Preiss
, 121 S.W.3d 715, 720–21 (Tex. 2003).  Thus, we are precluded from considering issues raised for the first time in Lydia’s untimely motion.  
Id. 

Therefore, we overrule Lydia’s second issue.  

C. Notice of Trial Attorney’s Motion to Withdraw 
   

In her final issue, Lydia argues that the divorce decree should be overturned because her trial attorney failed to provide her with notice of his motion to withdraw.  Lydia claims this alleged lack of notice deprived her of the right to object to that motion.  The motion to withdraw was filed over three weeks after the final divorce decree was entered and Lydia received notice of the decree.  Lydia first asserted this claim generally in her untimely amended motion for a new trial.  

Because the trial court ignored Lydia’s untimely amended motion for a new trial, it was ineffectual for any purpose,
 and we are precluded from considering the issues raised in it.
  See id. 
 Because this issue was not raised in the trial court by a pleading, a motion for new trial, or otherwise it may not be raised for the first time on appeal.  
See Mims
, 627 S.W.2d at 151; 
Kizer
, 943 S.W.2d at 953.  Furthermore, Lydia does not show how the alleged lack of notice of the motion to withdraw, filed 
after
 the MSA and the final divorce decree were signed, made the decree invalid or erroneous. 

Accordingly, we overrule Lydia’s third issue.

IV. Conclusion

Having overruled Lydia’s three issues, we affirm the final decree of divorce as ordered by the trial court.  
    

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

CAYCE, C.J. concurs without opinion.

DELIVERED: January 25, 2007

 

         

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.  

2:
The record does not contain the motion to withdraw, nor the order granting it.  However, it is referenced in both parties’ briefs and on the trial court’s docket sheet.

3:
Although Lydia alleged that Fred had made fraudulent misrepresentations in her initial motion for new trial, she does not raise or argue this assertion as a ground for this appeal.