COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-402-CV

 

 

LYDIA M. MCLANE                                                              APPELLANT

 

                                                   V.

 

FRED L. MCLANE
                                                                  APPELLEE

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

ON
REHEARING

 

                                              ------------

After reviewing Appellant
Lydia M. McLane=s motion for
rehearing, we deny the motion.  We
withdraw our December 7, 2006 opinion and substitute the following in its place.

 

 








I. Introduction

Appellant Lydia M. McLane,
representing herself pro se, appeals the trial court=s judgment in her divorce from Appellee Fred L. McLane.  Because we hold each of Lydia=s three issues to be without merit, we affirm the final divorce
decree.    

II. Factual Background

In June 2005, the trial court
ordered Lydia and Fred to mediate their divorce case.  The case was mediated in July.  At the mediation, Lydia and Fred and their
respective attorneys signed a mediated settlement agreement (MSA) that was
subsequently filed with the trial court. 


In August 2005, Fred=s attorney filed a motion for rendition of judgment on the MSA and for
entry of judgment.  On October 10, 2005,
the trial court signed a final decree of divorce.  The MSA was incorporated into the final divorce
decree.








On October 31, 2005, Lydia=s attorney filed a motion for new trial.  This motion was overruled by operation of law
on December 26, 2005.  See Tex. R.
Civ. P. 329b(c) (a motion for new trial not ruled upon within
seventy-five days after the judgment is signed is overruled by operation of
law).  Lydia=s attorney filed a motion to withdraw on November 2, 2005, which the
trial court granted on November 18, 2005.[2]  Lydia then filed an untimely first amended
motion for new trial on December 30, 2005. 
See Tex. R. Civ. P
329b(b). 

III. Discussion

A. Final Divorce Decree and
the MSA       In
her first issue, Lydia contends that the final divorce decree did not comply
with the terms of the MSA and thus the judgment is invalid.  Lydia bases this argument on the assertions
that (1) Fred failed to execute a special warranty deed on or before the date
the trial court signed the divorce decree and (2) the decree failed to properly
identify a loan number for a promissory note. 
The MSA states, AIf any real
estate is being awarded to one party, then the other party agrees to execute
and tender a special warranty deed on or before the date the Court signs the
decree, but only after the deed of trust to secure assumption has been
tendered.@  [Emphasis supplied.]








For Lydia to preserve this
issue for appellate review, the record must show she made her complaint to the
trial court by a timely request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1).  Neither of
these two assertions were raised at the trial court in any pleading or
motion.  A point not raised through
pleadings, by a motion for new trial, or otherwise brought before the trial
court may not be raised on appeal.  Greater
Fort Worth & Tarrant County Cmty. Action Agency v. Mims, 627 S.W.2d
149, 151 (Tex. 1982); Chubb Lloyds Ins. Co. of Tex. v. Kizer, 943 S.W.2d
946, 953 (Tex. App.CFort Worth
1997, writ denied), abrogated on other grounds by Tex. Farmers Ins.
Co. v. Murphy, 996 S.W.2d 873, 878 (Tex. 1999).  Therefore this complaint was not preserved
for appeal. 

Furthermore, had Lydia
properly raised this issue below, there is no evidence in the record that Fred
had failed to deliver a special warranty deed after the deed of trust to
secure assumption was delivered to him. 
In fact the decree indicates that at the time the judge signed the
decree Lydia had yet to tender the deed of trust to secure assumption as
required by the MSA.

The assertion regarding inclusion
of the loan number for the promissory note is likewise without merit for the
same reasons.  It was not raised by the
pleadings, it was not mentioned in Lydia's motion for new trial or her untimely
amended motion for new trial, and there is nothing in the record to indicate
that it was ever brought to the attention of the trial court; therefore, that
complaint was also not preserved by Lydia. 
See Mims, 627 S.W.2d at 151; Kizer, 943 S.W.2d at 953.

We overrule Lydia=s first issue.








B. Fraudulent Inducement and
the MSA

Lydia next asserts that she
was fraudulently induced into signing the MSA by her own attorney.  Lydia claims that she was under the
impression that what she was signing was an agreement for a second mediation
session.  Lydia does not allege that
Fred, his attorney, the mediator, or the trial judge engaged in any fraudulent
conduct.[3]  Nor does she cite any applicable authority
for the assertion that the misconduct of one=s own attorney constitutes grounds for a new trial in a civil case.








Moreover, even if this
alleged fraud would warrant a new trial, Lydia failed to timely raise the issue
in the trial court.  Lydia first raised
the issue of her attorney=s alleged
fraud in her amended motion for a new trial. 
An amended motion for new trial must be filed no later than thirty days
after the judgment complained of is signed. 
Tex. R. Civ. P.
329b(b).  The final divorce decree was
signed October 10, 2005.  Lydia had
thirty days from that date to file her amended motion for a new trial, but did
not do so until December 30, 2005.  Lydia
never obtained leave of court to file this motion, nor did the trial court ever
rule on the motion.  Because the trial
court did not consider Lydia=s untimely amended  motion for a
new trial, it was ineffectual for any purpose and did not preserve this issue
for appellate review.  See Moritz v.
Preiss, 121 S.W.3d 715, 720B21 (Tex. 2003).  Thus, we are
precluded from considering issues raised for the first time in Lydia=s untimely motion.  Id. 

Therefore, we overrule Lydia=s second issue.     C. Notice of Trial Attorney=s Motion to Withdraw    

In her final issue, Lydia
argues that the divorce decree should be overturned because her trial attorney
failed to provide her with notice of his motion to withdraw.  Lydia claims this alleged lack of notice
deprived her of the right to object to that motion.  The motion to withdraw was filed over three
weeks after the final divorce decree was entered and Lydia received notice of
the decree.  Lydia first asserted this
claim generally in her untimely amended motion for a new trial.  








Because the trial court
ignored Lydia=s untimely
amended motion for a new trial, it was ineffectual for any purpose, and we are
precluded from considering the issues raised in it.  See id.  Because this issue was not raised in the trial
court by a pleading, a motion for new trial, or otherwise it may not be raised
for the first time on appeal.  See
Mims, 627 S.W.2d at 151; Kizer, 943 S.W.2d at 953.  Furthermore, Lydia does not show how the alleged
lack of notice of the motion to withdraw, filed after the MSA and the
final divorce decree were signed, made the decree invalid or erroneous. 

Accordingly, we overrule
Lydia=s third issue.

IV. Conclusion

Having overruled Lydia=s three issues, we affirm the final decree of divorce as ordered by
the trial court.      

 

PER CURIAM

 

PANEL F:    MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

CAYCE,
C.J. concurs without opinion.

 

DELIVERED:
January 25, 2007











[1]See Tex. R. App. P. 47.4.  





[2]The
record does not contain the motion to withdraw, nor the order granting it.  However, it is referenced in both parties=
briefs and on the trial court=s docket sheet.





[3]Although
Lydia alleged that Fred had made fraudulent misrepresentations in her initial
motion for new trial, she does not raise or argue this assertion as a ground
for this appeal.