NO. 07-08-0472-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 26, 2009
_____

PADMANEEL B. KANASE, M.D., INDIVIDUALLY AND D/B/A
AMERICA LASER CENTERS AND LASER PHYSICIANS, PA, APPELLANTS

V.

SHELLEY DODSON, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 96,273-C; HONORABLE ANA E. ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellants, Padmaneel B. Kanase, individually and d/b/a America Laser Centers and Laser Physicians, PA, appeal the trial court's denial of Defendants' Motion to Dismiss claims of negligence asserted by appellee, Shelly Dodson. By their motion, appellants contend that dismissal of Dodson's claims of negligence is mandated because these claims constitute health care liability claims and Dodson failed to file an expert report within 120 days of filing suit. See TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp.

2008).[1]  Dodson did not file a brief in response, but took the position before the trial court that her claims are for ordinary negligence and are not health care liability claims.  We conclude that the trial court erred by denying appellants' motion to dismiss.

Background

According to Dodson's pleading, on or about December 1, 2006, appellants' employees negligently performed intense pulse light (IPL) laser treatments on Dodson which caused severe burns and permanent damage to her arms.  On the basis of this assertion, Dodson claims that appellants (1) failed to use ordinary care in training its employees in the operation of the IPL, (2) failed to use ordinary care in supervising its employees in the operation of the IPL, (3) failed to properly train employees to operate the IPL, (4) failed to use reasonable care to prevent employees from causing an unreasonable risk of harm to others, (5) failed to use ordinary care in taking precautions to protect the safety of others when employees perform work that is inherently dangerous, and (6) failed to exercise the degree of care, skill, and competence that a reasonable, competent member of the profession would exercise under similar circumstances.  Dodson filed her petition on December 20, 2007.  Appellants answered with a general denial that also pled the limitations on liability contained within chapter 74 of the Texas Civil Practice and Remedies Code.

On June 16, 2008, appellants filed a motion to dismiss which contended that Dodson's claims were health care liability claims and that she had failed to file an expert

---

[1] Further references to provisions of the Texas Civil Practice and Remedies Code will be to "section __" or "§ __."

report within 120 days of filing suit. See § 74.351. In her response to the motion to dismiss, Dodson contended that her claims were claims of ordinary negligence and not health care liability claims. Impliedly, Dodson conceded, in her response, that she had not filed an expert report within the time required by statute. The parties then each filed additional replies and briefs relating to the issue of whether the claims asserted by Dodson constituted health care liability claims. After holding a hearing at which the parties argued their positions, the trial court denied appellants' motion without specifying the grounds on which its decision was based. From this denial, appellants appeal. See § 51.014.

By their appeal, appellants' sole issue contends that Dodson was required to file an expert report. Because Dodson failed to timely file an expert report, appellants contend that the trial court erred in denying the motion to dismiss.

Law

Under section 74.351, any person who has brought a suit asserting a health care liability claim must, within 120 days of filing the claim, provide an expert report for each physician or health care provider against whom the claim is asserted. § 74.351(a). If the claimant does not provide an expert report as required, the trial court must, upon motion of the defendant, dismiss the claim with prejudice and award the defendant reasonable attorney's fees and costs of court. § 74.351(b). A health care liability claim is defined as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

3

§ 74.001(a)(13).  A plaintiff cannot avoid the requirements of chapter 74 by attempting to recast a health care liability claim as a different cause of action through artful pleading. See Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 851 (Tex. 2005).  Whether a claim is a health care liability claim is a question of law that we review *de novo*.  Boothe v. Dixon, 180 S.W.3d 915, 919 (Tex.App.–Dallas 2005, no pet.); Gomez v. Matey, 55 S.W.3d 732, 735 (Tex.App.–Corpus Christi 2001, no pet.).  In determining whether a cause of action is a health care liability claim, we examine the underlying nature of the claim rather than the way it was pleaded.  Boothe, 180 S.W.3d at 919.  If the act or omission alleged in the complaint is an inseparable part of the rendition of health care services or if it is based on the breach of a standard of care applicable to health care providers, then the claim is a health care liability claim.  Diversicare Gen. Partner, Inc., 185 S.W.3d at 848; Boothe, 180 S.W.3d at 919.

Analysis

In the present case, there is no dispute that appellants are health care providers. See § 74.001(a)(12).  Further, Dodson has alleged that the acts of appellants proximately caused her injuries.  Thus, the only issue before this Court is whether Dodson's claims are "for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care."  § 74.001(a)(13).

Dodson alleges that appellants' employees negligently performed IPL treatments on Dodson which caused severe burns and permanent damage to her arms.  Dodson then asserts claims of ordinary negligence against appellants for failing to properly train and supervise employees in the use of the IPL, failure to provide properly trained employees,

4

failure to take reasonable care to prevent employees from causing an unreasonable risk of harm to others, failure to use ordinary care to protect the safety of others when employees are performing inherently dangerous work, and failure to exercise the degree of care, skill, and competence that a reasonable, competent member of the profession would exercise under similar circumstances.

Dodson's claims derive from her allegation that appellants' employees improperly used the IPL and that such actions proximately resulted in her injuries.[2] However, her specific claims relate to appellants' alleged negligent failure to properly train and supervise their employees in the use of the IPL. Claims that a health care provider did not adequately staff, train, or supervise employees are integral components of the rendition of health care, which implicate medical expertise and the departure from accepted standards of health care, and are, therefore, health care liability claims. Marks v. St. Luke's Episcopal Hosp., No. 07-0783, 2009 Tex. LEXIS 636, at *14 (Tex. August 28, 2009) (citing Diversicare Gen. Partner, Inc., 185 S.W.3d at 850). See Holguin v. Laredo Reg'l Med. Ctr., L.P., 256 S.W.3d 349, 356 (Tex.App.–San Antonio 2008, no pet.) (a health care provider's staffing and supervision of staff is an integral component of health care); Espinoza v. Baptist Health Sys., No. 04-05-00131-CV, 2006 Tex.App. LEXIS 8739, at *7 (Tex.App.–San Antonio October 11, 2006, pet. denied) (memo. op.) (claims of failure of health care provider to

---

[2] We are aware of our sister court's holding that laser hair removal treatments are not related to health care and that claims that the operator of the laser was negligent and that the physician was vicariously liable for the acts of his agent do not constitute health care liability claims subject to the expert report requirement. See Tesoro v. Alvarez, 281 S.W.3d 654, 666 (Tex.App.–Corpus Christi 2009, no pet. h.). However, as all of Dodson's pled claims allege either that appellants were directly negligent for failing to adequately train and supervise employees or breaching the standard of care applicable to such health care providers, rather than that they were vicariously liable for the acts of their employees, we conclude that the present case is distinguishable from Tesoro.

5

train, supervise, or hire competent personnel amount to a claim of departure from accepted standards of medical care). Further, that Dodson's claims allege a breach of a standard of medical care is evidenced by her claim that appellants, who are health care providers under the statute, failed "to exercise the degree of care, skill, and competence that a reasonable, competent member of the profession would exercise under similar circumstances."

Because the nature of all of the claims alleged by Dodson are integral components of the rendition of health care and, therefore, allege departure from accepted standards of care, the claims are subject to the expert report requirement of section 74.351. As Dodson failed to file an expert report within 120 days of filing her claim, the trial court erred in denying appellants' motion to dismiss.

Conclusion

For the foregoing reasons, we reverse the order of the trial court denying appellants' motion to dismiss, render judgment that Dodson's claims be dismissed with prejudice, and remand the case to the trial court solely on the issue of the appropriate award of attorney's fees and costs incurred by appellants in relation to this case.

Mackey K. Hancock
Justice

6