**BIODERM SKIN CARE, LLC
and Quan Nguyen, M.D.,
Appellants,**

v.

**Veasna "Sandee" SOK, Appellee.**

**No. 05–10–00044–CV.**

Court of Appeals of Texas,
Dallas.

June 28, 2011.

Rehearing Overruled Aug. 17, 2011.

R. Scott Fraley, Elizabeth M. Fraley, Casie Rivas, Fraley & Fraley, L.L.P., Dallas, TX, for Appellants.

Matthew Alan Sharp, Coury Matthews Jacocks, The Law Offices of Coury M. Jacocks, Dallas, TX, for Appellee.

Before Justices MORRIS, O'NEILL, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

Appellee Veasna "Sandee" Sok sued Bioderm Skin Care, LLC ("Bioderm") and Quan Nguyen, MD, seeking to recover damages for burns she suffered during a laser hair removal procedure at Bioderm. Bioderm and Nguyen contend Sok's claims are health care liability claims and are subject to Chapter 74 of the Texas Civil Practice and Remedies Code. Accordingly, they moved to dismiss Sok's claims when she did not file an expert report within 120 days of the date her original petition was filed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (West 2011). The trial court denied the motion to dismiss. Bioderm and Nguyen bring this interlocutory appeal. *See id.*

§ 51.014(a)(9) (West 2008). We affirm the trial court's order.

Bioderm offered laser hair removal services at its place of business in Garland, Texas. Bioderm is owned by Nguyen, a licensed physician. In October 2006, Sok purchased a package from Bioderm that included a number of visits, during which she would have hair removed from her legs and other parts of her body. She underwent procedures through the remainder of 2006 and the spring of 2007. Sok alleges that, during a procedure on July 15, 2007, she suffered second-degree burns caused by the operator's improper use of the laser. Sok sued Bioderm and Nguyen, alleging they were vicariously liable for the operator's negligence. Specifically, Sok contends Bioderm is vicariously liable as the operator's employer. She contends Nguyen is vicariously liable because the use of the laser is an inherently dangerous activity, the liability for which cannot be delegated.

In their single appellate issue, appellants contend the trial court erred in denying their motion to dismiss Sok's claims. Appellants argue those claims are health care liability claims as that term is defined in Chapter 74 of the civil practice and remedies code. Therefore, according to appellants, when Sok failed to file expert reports by the statutory deadline, the trial court should have dismissed the claims. Sok contends her claims are simple negligence claims that do not fall within the ambit of Chapter 74.

Generally, we review a trial court's order denying a motion to dismiss under an abuse of discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001). However, when the issue is whether the claim is a health care liability claim under Chapter 74, we review the order de novo.

*Lee v. Boothe,* 235 S.W.3d 448, 451 (Tex. App.-Dallas 2007, pet. denied).

We approach the classification of a claim by examining its underlying nature, rather than any characterization given the claim by the pleading. *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 847 (Tex.2005). The legislature has defined a health care liability claim as:

> a cause of action [1] against a health care provider or physician *[2] for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care,* [3] which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13) (West Supp. 2011) (emphasis added). This definition encompasses the identity of the defendant, the nature of the plaintiff's claim, and the requirement of causation. Only claims that meet all three elements are subject to Chapter 74's provisions. In this case, our analysis focuses on the second element, emphasized above, which identifies the type of claims that qualify as health care liability claims.[1]

To meet the requirements of that second element, the laser hair removal procedure forming the basis of Sok's claim must fall within Chapter 74's concepts of "medical care" or "health care" or "safety or professional or administrative services directly related to health care." *See id.* Appellants have not raised—and the facts do not suggest—the possibility that their hair removal process could fall under the ambit of safety, professional, or administrative services they were providing to Sok. And to qualify as "medical care," the conduct at issue must be performed by someone licensed to practice medicine in the State of Texas. *Id.* § 74.001(a)(19). It is undisputed that Bioderm employee Brooke Danielson performed the hair removal procedure during which Sok was burned; Danielson is not a licensed physician. Thus, Sok's claims can fall within the ambit of Chapter 74 only if they involve "health care," which is defined as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." *Id.* § 74.001(a)(10).

In their motion to dismiss, appellants set forth the definitions of a health care liability claim and a health care provider, and then they pronounce—with no explanation or analysis—that Sok's claims are health care liability claims. At the hearing on the motion, counsel for appellants conceded that appellants were not treating Sok for any medical condition; he stated the only condition that was being treated was "unwanted body hair." Sok was not referred to Bioderm by any medical provider, nor was any medication prescribed in connection with the hair removal. Indeed, it is undisputed that Sok did not meet Nguyen until a week after her injury, when he treated the burn on her leg. Nevertheless, appellants contended at the hearing that this was a Chapter 74 case because Nguyen, "as a physician, [was] providing treatment to a patient." Appellants con-

---

1. In an effort to establish the first element of a health care liability claim, appellants contend they are both "physicians" within the meaning of Chapter 74. It is undisputed that Nguyen is a licensed physician, but Sok vigorously disputes appellants' contention that Bioderm qualifies as a physician under the statute. Because we conclude Sok's claims do not fall within the definition of health care liability claims, we need not address this issue concerning the status of the defendants.

tended that Nguyen had direct involvement with Sok's "treatment" because: (1) a medical history was taken from her; (2) medical records were kept; and (3) Nguyen (a) trains each laser user, and (b) meets with each laser operator each day to determine how the laser should be set for each patient's procedure. These contentions were based on Nguyen's own affidavit and Bioderm's records, which were before the trial court at the hearing.[2]

The affidavit is some evidence that Nguyen had involvement with training and procedures at Bioderm.[3] However, Chapter 74 is not invoked by any act or conduct merely because a physician is involved in some fashion. Instead, "health care" requires the act or conduct at issue to be performed "for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." *Id.* Sok was never confined at Bioderm. "Medical care," as we pointed out above, requires that the act at issue be performed by a licensed physician. *See id.* § 74.001(a)(19). "Treatment" is not defined within the statute, but its accepted meaning in this context is "the care and management of a patient to combat, ameliorate, or prevent a disease, disorder, or injury." *Nexus Recovery Ctr., Inc. v. Mathis*, 336 S.W.3d 360, 365 n. 3 (Tex.App.-Dallas 2011, no pet.) (citing *Tesoro v. Alvarez*, 281 S.W.3d 654, 659 (Tex.App.-Corpus Christi 2009, no pet.); quoting MOSBY'S MEDICAL DICTIONARY 1880 (8th ed. 2009)).

Our review of the record establishes that the only time Sok received medical care or treatment at Bioderm—within the meaning of Chapter 74—was when Nguyen examined her, diagnosed her burn, and prescribed a cream for the burn. Bioderm's records consistently report Sok's "complaint" as "unwanted hair." At the hearing on the motion to dismiss, appellants conceded they were not treating Sok for any medical condition and her only condition was unwanted hair. Because these laser procedures were not directed at any disease, disorder, or injury, they cannot fall within Chapter 74's understanding of treatment. *See Nexus Recovery*, 336 S.W.3d at 365 n. 3. Given that the procedures do not relate to medical care, treatment, or confinement, they cannot be classified as health care under the statute.

Given the record before us, we cannot say the use of the laser for hair removal in this case was an inseparable part of the rendition of health care services. We con-

---

**2.** In this Court, appellants have also argued that Sok's claims are health care liability claims because the laser involved is a Class II prescription medical device. This theory was not presented to the trial court. It was not raised in appellants' pleadings. It was not raised in the motion to dismiss or the reply brief in that proceeding. The only discussion of the laser itself at the hearing below came in terms of who could acquire it (a physician) and who could use it (anyone). Accordingly, this argument was not preserved for our review. *See Greater Fort Worth & Tarrant County Cmty. Action Agency v. Mims*, 627 S.W.2d 149, 151 (Tex.1982). We note, however, that appellants cite no case holding that the involvement of a Class II device renders a claim a health care liability claim. Nor have we found such a case. In fact, the only case we

find addressing such an argument rejects it out of hand. *See Tesoro v. Alvarez*, 281 S.W.3d 654, 661–62 (Tex.App.-Corpus Christi 2009, no pet.) (regulations regarding laser relate to misbranding issues and "form no predicate for a health care liability issue").

**3.** Sok contends Nguyen's affidavit is a sham affidavit and should be disregarded. Sok did not object to the affidavit or argue that contention to the trial court, so we will not address it on appeal.

The record does not indicate any involvement by Nguyen with the one page document titled "Medical History Form." We take no position as to whether Bioderm's records are properly classified as "medical records."

clude Sok's claims are not health care liability claims. *See Diversicare,* 185 S.W.3d at 848 ("A cause of action alleges a departure from accepted standards of medical care or health care if the act or omission complained of is an inseparable part of the rendition of medical services."). Our conclusion comports with the careful analysis of the Corpus Christi court in *Tesoro v. Alvarez,* in which that court concluded a claim based on vicarious liability for the negligence of the operator of a hair removal laser was not a health care liability claim. 281 S.W.3d at 666; *see also Ghazali v. Brown,* 307 S.W.3d 499, 504 (Tex. App.-Fort Worth 2010, pet. granted).[4]

Because Sok's claims are not health care liability claims, Sok was not required to serve expert reports pursuant to Chapter 74. We affirm the trial court's order denying appellants' motion to dismiss.

---

[4]. We acknowledge that two other courts of appeal have concluded plaintiffs' claims related to laser hair removal did qualify as health care liability claims. In the first case, the plaintiff herself specifically cast her complaint as one under article 4590i, Chapter 74's predecessor statute. *See Sarwal v. Hill,* No. 14–01–01112–CV, 2002 WL 31769295 *2–3 (Tex. App.-Houston [14th Dist.] Dec. 12, 2002, no pet.) (not designated for publication) (plaintiff's causes of action "even liberally construed, are framed only as health care liability claims"). In the second case, the plaintiff alleged the defendant physicians were directly negligent by failing properly to train and supervise their employees in use of the laser. *See Kanase v. Dodson,* 303 S.W.3d 846, 849 (Tex.App.-Amarillo 2009, no pet.). *Kanase* distinguishes *Tesoro,* saying the plaintiff in *Tesoro* alleged only that the physician was vicariously liable for the acts of the employee operator. *Id.* at 849 n. 2. Likewise, Sok claims only that appellants are vicariously liable for the actions of the employee operator.