



## MEMORANDUM OPINION

No. 04-11-00263-CV

Rubena **AKHTER**,
Appellant

v.

**SMOOTH SOLUTIONS DFW ONE, LLC**, Smooth Solutions Franchising, L.P.,
Smooth Solutions Limited Partnership,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CI05499
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2012

REVERSED AND REMANDED

Appellant Rubena Akhter brought negligence and gross negligence claims against appellees Smooth Solutions DFW One, LLC; Smooth Solutions Franchising, L.P.; and Smooth Solutions Limited Partnership (collectively Smooth Solutions) and a claim of vicarious liability against Kimberly and Steven Finder as general partners of Smooth Solutions.[1]  Akhter alleged that she sustained facial injuries caused by laser hair removal services performed by a Smooth

---

[1] Discovery revealed the Finders were limited partners of Smooth Solutions Limited Partnership.

Solutions technician. The trial court dismissed Akhter's claims for failure to file an expert report pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. On appeal, Akhter asserts that her claims are not health care liability claims (HCLCs). Because Smooth Solutions and the Finders failed to establish that Akhter's claims are HCLCs subject to section 74.351,[2] we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

## BACKGROUND

Smooth Solutions performed laser hair removal services on Akhter for five and one half years. Akhter alleges that after her last procedure on December 17, 2009, she suffered severe burns to the side of her face. She claims that the burns were caused by the acts or omissions of Smooth Solutions' employees—the technician who operated the laser hair removal device and the manager who saw Akhter the following day.

Akhter brought negligence and gross negligence claims against Smooth Solutions, and vicarious liability claims against Kimberly and Steven Finder (as general partners of Smooth Solutions). The Finders are physicians and limited partners of Smooth Solutions Limited Partnership. Kimberly Finder is the medical director of Smooth Solutions, L.P. However, neither Finder was identified as a physician in plaintiff's pleadings.[3] Neither Smooth Solutions nor the Finders assert that Smooth Solutions was licensed to provide health care. It is undisputed that Akhter did not provide the defendants with an expert report as required by section 74.351 for health care liability claims. Smooth Solutions and the Finders moved to dismiss Akhter's suit

---

[2] More specifically, Akhter claims Smooth Solutions failed to establish that it is a health care provider, or that laser hair removal is healthcare—both necessary elements of an HCLC under Chapter 74. All references in this opinion to "section 74.351," "section 74.001," and "Chapter 74" refer to the Texas Civil Practice and Remedies Code.

[3] The Finders were identified as physicians in pleadings several months later in response to Akhter's motion for partial summary judgment when Smooth Solutions and the Finders argued for the first time that Akhter's claims were subject to the requirements of section 74.351.

with prejudice, asserting that Akhter's failure to file an expert report required dismissal. After the motion to dismiss was filed, Akhter acknowledged the Finders were only limited partners of Smooth Solutions and nonsuited them. The court held two hearings on the motion to dismiss, and ultimately dismissed Akhter's claims with prejudice pursuant to section 74.351 and awarded Smooth Solutions and the Finders $7,500.00 in attorney's fees.

On appeal, Akhter contends the trial court incorrectly determined that the laser hair removal services she received from Smooth Solutions were health care liability claims subject to section 74.351 and consequently abused its discretion in dismissing her claims.

## HEALTH CARE LIABILITY CLAIM

### A. Standard of Review

"Generally, we review a trial court's order granting a motion to dismiss for failure to timely file a section 74.351(a) expert report under an abuse of discretion standard." *Holguin v. Laredo Reg'l Med. Ctr., L.P.*, 256 S.W.3d 349, 352 (Tex. App.—San Antonio 2008, no pet.). However, when the issue requires a determination of whether Chapter 74 applies to a claim, the issue is one of statutory interpretation that we review de novo. *See id.* at 352; *Brown v. Villegas*, 202 S.W.3d 803, 805 (Tex. App.—San Antonio 2006, no pet.); *see also Tex. W. Oaks Hosp., LP v. Williams*, No. 10-0603, 2012 WL 2476807, at *3 (Tex. June 29, 2012). The threshold issue on appeal is whether Akhter's claim is a "health care liability claim"; thus, we are presented with a question of law. *See Holguin*, 256 S.W.3d at 352.

### B. Section 74.351's Expert Report Requirement

Section 74.351 provides,

In a *health care liability claim*, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party . . . one or more expert reports, . . . for each *physician or health care provider* against whom a liability claim is asserted.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2005) (emphasis added); *see St. David's Healthcare P'ship, L.P., LLP v. Esparza*, 348 S.W.3d 904, 905 (Tex. 2011). Thus, we must determine if Akhter's claims are health care liability claims subject to section 74.351.

## C. Elements of a Health Care Liability Claim

"To determine whether a cause of action is a health care liability claim that falls under the rubric of the [Medical Liability and Insurance Improvement Act], we examine the underlying nature of the claim and are not bound by the form of the pleading." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005). A "health care liability claim" is defined as

> a cause of action against [1] a health care provider or physician for [2] treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, [3] which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13); *accord Diversicare*, 185 S.W.3d at 861 n.4. Thus, there are three elements for determining whether a cause of action is an HCLC: (1) *identity* of the defendant, (2) the *character* of the plaintiff's claim, and (3) *causation*. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001; *Tex. W. Oaks Hosp., LP*, 2012 WL 2476807, at *6; *Bioderm Skin Care, LLC v. Sok*, 345 S.W.3d 189, 191 (Tex. App.—Dallas 2011, pet. filed). A claim must meet all three elements to fall within Chapter 74's provisions. *See Tex. W. Oaks Hosp., LP*, 2012 WL 2476807, at *6. We next turn to the first element—whether Smooth Solutions is a health care provider or physician.[4]

---

[4] Much of the parties' appellate briefs address the character of Akhter's claims. Specifically, Akhter focuses on the definition of "treatment" and how three of our sister courts have decided that causes of action for injuries sustained from laser hair removal services were not HCLCs. *See Bioderm Skin Care, LLC v. Sok*, 345 S.W.3d 189, 190 (Tex. App.—Dallas 2011, pet. filed); *Ghazali v. Brown*, 307 S.W.3d 499, 503 (Tex. App.—Fort Worth 2010, pet. dism'd); *Tesoro v. Alvarez*, 281 S.W.3d 654, 659 (Tex. App.—Corpus Christi 2009, no pet.). However, because the issue regarding the first HCLC element—the identity of the defendant—is dispositive of this appeal, we do not reach the second element. *See* TEX. R. APP. P. 47.1.

**D. Health Care Provider or Physician**

Akhter contends that there is no evidence that Smooth Solutions was a "physician or health care provider," and, therefore, her cause of action against Smooth Solutions was not an HCLC. A physician and a healthcare provider are defined separately under the Act. A "health care provider" is statutorily defined in part as

> any person, partnership, professional association, corporation, facility, or institution *duly licensed, certified, registered, or chartered by the State of Texas to provide health care*, including: (i) a registered nurse; (ii) a dentist; (iii) a podiatrist; (iv) a pharmacist; (v) a chiropractor; (vi) an optometrist; [or] (vii) a health care institution . . . . The term includes: (i) an officer, director, shareholder, member, partner, manager, owner, or affiliate of a health care provider or physician; and (ii) an employee, independent contractor, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A)-(B) (emphasis added).

> "Physician" is defined as

> (A) an individual licensed to practice medicine in this state; (B) a professional association organized under the Texas Professional Association Act (Article 1528f, Vernon's Texas Civil Statutes) by an individual physician or group of physicians; (C) a partnership or limited liability partnership formed by a group of physicians; (D) a nonprofit health corporation certified under Section 162.001, Occupations Code; or (E) a company formed by a group of physicians under the Texas Limited Liability Company Act (Article 1528n, Vernon's Texas Civil Statutes).

*Id.* § 74.001(a)(23). The defendant who moves the court to dismiss a plaintiff's cause of action for failure to file an expert report has the burden of establishing that the defendant is a health care provider or physician. *See Brown*, 202 S.W.3d at 806.

*1. Smooth Solutions*

There was no evidence attached to the motion to dismiss to support that any of the Smooth Solutions entities were health care providers or physicians. At the hearings on the motion to dismiss, Smooth Solutions and the Finders submitted no evidence other than a brief

submitted in another case. There is simply no evidence in the appellate record that shows that any of the Smooth Solutions entities are health care providers as defined in section 74.001(a)(12)(A)–(B) or physicians as defined by section 74.001(a)(23). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (providing that the proper defendant in an HCLC is a "health care provider or physician"); *Brown*, 202 S.W.3d at 806 (placing the burden on the defendant to establish its status as a health care provider).[5]

Smooth Solutions contends that because the law requires that it have a consulting physician and Dr. Kimberly Finder is its medical director, this is sufficient evidence that Akhter's claims constitute HCLCs. However, Smooth Solutions does not direct us to any evidence in the record that it is a health care provider or physician under the terms of section 74.001(a)(12). Smooth Solutions failed to carry its burden to establish that it is a healthcare provider or a physician and therefore the trial court erred in dismissing Akhter's claims against Smooth Solutions under section 74.351. We next turn to Akhter's claims against the Finders.

## 2. *The Finders*

Akhter argues the trial court erred in awarding Chapter 74 statutory attorney's fees to the Finders because Akhter's claims against the Finders did not constitute HCLCs. Akhter's claims of negligence and gross negligence were alleged only against Smooth Solutions. While Kimberly and Steven Finder were initially included as defendants in the lawsuit, Akhter's claims against them were limited to vicarious liability claims as general partners of Smooth Solutions.[6]

---

[5] There is no evidence in the record that Smooth Solutions was licensed or registered as a laser hair removal facility and no facility license was statutorily required until September 1, 2010. *See* TEX. HEALTH & SAFETY CODE ANN. § 401.510 (West Supp. 2009).

[6] *Compare Tesoro*, 281 S.W.3d at 658–59 (determining that injuries from laser hair removal did not give rise to an HCLC, and acknowledging that plaintiff framed her claims against the physicians as *vicarious liability claims*), *with Kanase v. Dodson*, 303 S.W.3d 846, 849–50 & n.2 (Tex. App.—Amarillo 2009, no pet.) (dismissing plaintiff's claim, and noting that the plaintiff's claims directly alleged negligence on the part of a physician and were not vicarious liability claims), *and Sarwal v. Hill*, No. 14-01-01112-CV, 2002 WL 31769295, at *1–3 (Tex. App.—Houston [14th Dist.] Dec. 12, 2002, no pet.) (affirming a dismissal of plaintiff's case where the plaintiff "allege[d]

Specifically, Akhter alleged: "Defendants Kimberly Finder and Steven Finder, as general partners of Defendants . . . are vicariously liable for the acts and omissions of the employees and agents who were employed by or in an agency or contractual relationship with the Defendants." The Finders did not initially contend that Akhter's pleadings asserted medical liability claims against them as physicians. In their response to Akhter's request for disclosure, the Finders complained that there was a defect of parties because Kimberly and Steve Finder were not liable in the capacity in which they had been sued because they were limited (rather than general) partners. The Finders did not assert that the claims against them were HCLCs.[7]

Akhter sought recovery against the Finders on the basis that they were general partners, not on the basis that they were health care providers or physicians. Although the Finders are physicians, they were not sued in that capacity. Under the doctrine of *respondeat superior*, an employer or principal may be vicariously liable for the tortious acts of an employee or agent acting within the scope of the employment or agency, even though the principal or employer did not personally commit a wrong. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541–42 (Tex. 2002) (citing *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998)). The Finders were alleged to be vicariously liable based solely on a partnership interest in Smooth Solutions. Thus, the Finders' liability necessarily depended on their relationship with Smooth Solutions and the validity of the underlying claims against Smooth Solutions rather than the Finders' roles as physicians. In a health care liability case, a Chapter 74 expert report specifically addressing the party alleged to be vicariously liable is not required even if that party is a health care provider or

---

that [a nurse] *breached nursing standards of care*, and violated Texas Nurse Practice Act Regulations and Rules," and stating that "the cause(s) of action asserted in [plaintiff's] petition, even liberally construed, are framed *only* as health care liability claims." (emphasis added)).

[7] After the deadline for expert reports had passed, Smooth Solutions and the Finders amended their response to Akhter's request for disclosure to include failure to comply with all conditions precedent, including the requirement of notice of an HCLC under Chapter 74.

physician, provided that an adequate expert report addresses the directly liable parties. *See Gardner v. U.S. Imaging, Inc*., 274 S.W.3d 669, 672 (Tex. 2008) ("When a party's alleged health care liability is purely vicarious, a report that adequately implicates the actions of that party's agents or employees is sufficient."); *Sw. Gen. Hosp., L.P. v. Gomez*, 357 S.W.3d 109, 114 (Tex. App.—San Antonio 2011, no pet.) (noting that a separate expert report is unnecessary against a party alleged to be vicariously liable). Part of the reason an expert report is not required for the vicariously liable party is that the elements of a Chapter 74 report relating to standards of care and causation cannot be applied to vicarious liability that is based on *respondeat superior* or partnership principles rather than direct allegations of negligence. *See Gardner*, 274 S.W.3d at 672.

There was no evidence that Smooth Solutions was a health care provider or physician; therefore, no expert report was required as to Smooth Solutions or the alleged vicariously liable Finders. Because Smooth Solutions failed to prove it was a health care provider or physician, the trial court erred in awarding statutory attorney's fees to the Finders.[8] In light of this determination, we need not address whether the character or nature of Akhter's cause of action was that of an HCLC.[9]

## CONCLUSION

Because Smooth Solutions did not meet its burden of establishing it is a health care provider or physician, the trial court abused its discretion in granting Smooth Solutions' motion to dismiss with prejudice Rubena Akhter's claims. Because the Finders' liability depended on

---

[8] The attorney's fees award was not segregated by party.
[9] *See generally Tex. W. Oaks Hosp., LP v. Williams*, No. 10-0603, 2012 WL 2476807, at \*6 (Tex. June 29, 2012) (addressing the "character" element of an HCLC—i.e., "treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care"). Notably, the court in *Texas West Oaks* clarified the "character" element of an HCLC, specifically regarding HCLCs involving safety. *See id.*

whether an expert report was required as to Smooth Solutions, L.P., the trial court abused its discretion in granting statutory attorney's fees to the Finders. Accordingly, we reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice